■ In the Matter of SECURITY AND LAW ENFORCEMENT EMPLOYEES, DISTRICT COUNCIL 82, AFSCME, AFL-CIO, on Behalf of CHARLES KROM, Appellant, v THOMAS HARTNETT, as Director of the Governor's Office of Employee Relations, et al., Respondents.—Kane, J. Appeal from a judgment of the Supreme Court at Special Term (Cholakis, J.), entered March 15, 1985 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition for lack of jurisdiction.

Charles Krom is employed by the Department of Correctional Services at Eastern New York Correctional Facility as a

correction sergeant at grade 17 pay level. Krom was awarded the position of annex sergeant in June 1982. An annex sergeant is responsible for supervision in the annex portion of the correctional facility and is supervised by the watch commander in the main facility. Krom filed a grievance with the Department claiming that he was required at various times to perform out-of-title work as a watch commander, which is within the duties assigned to a correction lieutenant at a grade 20 pay level. Krom sought compensation and benefits as a watch commander because of his out-of-title work. Krom's grievance was denied by respondent Thomas Hartnett, Director of the Governor's Office of Employee Relations, at step three in the grievance procedure under the collective bargaining agreement between the State and petitioner.

Petitioner commenced this CPLR article 78 proceeding on Krom's behalf to annul Hartnett's determination that Krom had not engaged in out-of-title work. Special Term dismissed the petition for lack of jurisdiction, holding that under the collective bargaining agreement a step three determination was final. Petitioner appeals.

Initially, we do not agree with Special Term that petitioner waived its right to article 78 review in the collective bargaining agreement. A party may by contract waive his right to resort to the courts, but he will only be held to have done so if the waiver is explicit *(Matter of Board of Educ. v Nyquist,* 48 NY2d 97, 105; *see, City of New York v State of New York,* 40 NY2d 659). In the instant case, article 9 of the collective bargaining agreement, which governs out-of-title grievances, provides that such grievances be processed pursuant to article 7, paragraph 7.1 (b) of the agreement. That paragraph provides that all such grievances shall "be processed up to and including Step 3 of the grievance procedure". Nothing in the contract provides that this procedure is to be the final, exclusive remedy. In addition, this three-step grievance procedure does not include arbitration. Since there is no express language in the collective bargaining agreement to bar petitioner from maintaining this proceeding, we conclude that petitioner did not waive its right to CPLR article 78 review *(see, Hempstead Classroom Teachers Assn. v Board of Educ.,* 112 AD2d 267; *see also, Nassau Ch. of Civ. Serv. Employees Assn. v County of Nassau,* 84 AD2d 784).

Turning to the merits, we conclude that Hartnett's determination that Krom was not performing out-of-title work has a rational basis. Indeed, a review of the record does not support Krom's assertion that he was *regularly* assigned the duty of

watch commander. Moreover, any claim by Krom that his duties as annex sergeant are the equivalent of those of a watch commander are belied by the record. The duties of a sergeant are described to be secondary supervisory under a lieutenant's primary supervision. Since Krom was still under a lieutenant's supervision who was acting as a watch commander at the main facility, Hartnett's determination was rational. The judgment should be affirmed.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.