■ Beatrice Cangelosi, Respondent, v City of New York, Defendant, and New York City Transit Authority, Appellant.—In a negligence action to recover damages for personal injuries, the defendant New York Transit Authority (hereinafter the Transit Authority) appeals from an order of the Supreme Court, Kings County (Jordan, J.), dated October 28, 1985, which denied its motion for summary judgment.

Ordered that the order is affirmed, without costs or disbursements.

Special Term properly denied the Transit Authority's motion for summary judgment. Questions of fact are presented as to whether, at the time of the accident, the plaintiff was a prospective passenger to whom the appellant carrier owed a duty to exercise care in providing a safe place to board a bus and whether that duty was breached. Mangano, J. P., Brown, Rubin and Eiber, JJ., concur.

■ Court Officers Benevolent Association of Nassau County et al., Appellants, v Robert J. Sise, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the Director of Employee Relations of the Office of Court Administration, dated April 30, 1984, which rejected the petitioners' claim that the cashier duties performed by certain nonjudicial employees classified as office-typists in the Nassau County District Court Traffic and Parking Departments constituted out-of-title work, and denied their grievance, the petitioners appeal from a judgment of the Supreme Court, Queens County (Santucci, J.), dated April 9, 1985, which dismissed the petition.

Ordered that the judgment is affirmed, with costs.

Pursuant to the collective bargaining agreement between the parties, the petitioners' cashier duties were "reasonably related" to the duties described in their title specifications and hence did not constitute out-of-title work. Mangano, J. P., Bracken, Weinstein and Rubin, JJ., concur.