■ VICTORIA MEADOWS et al., Respondents-Appellants, v ALBERT M. ROSENBLATT, as Chief Administrative Judge of the State of New York, Appellant-Respondent.—Order and judgment (one paper), Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), dated December 9, 1987 and entered on or about March 6, 1989, which vacated a determination of respondent, dated November 17, 1986, to the extent of (1) determining that respondent had engaged in an unreasonable work assignment and discriminatory supervisory practice in assigning petitioner Victoria Meadows to work in an out-of-title job; (2) directing that respondent cease and desist said practice; (3) ordering respondent to pay petitioner the difference between her salary as a Senior Office Assistant and that of a Principal Office Assistant for the dates and times during which she was called upon to train her supervisor; and (4) referring the matter to a Referee for a hearing to determine such dates and times, unanimously reversed, on the law and the facts, the petition dismissed and the determination of respondent reinstated, without costs.

Petitioner Victoria Meadows (Meadows) is employed as a Senior Office Assistant (grade JG-8) in the bookkeeping department of the traffic court of the Nassau County District Court and, at the time she commenced grievance proceedings, had worked for the court for 10 years. Petitioner Francis K. Cove (Cove) is president of the Court Officers Benevolent Association of Nassau County (COBANC), the collective bargaining agent representing employees in Meadows' title.

On June 26, 1986, following the retirement of the Principal Office Assistant who supervised the department, Meadows was provisionally appointed to that position. On August 21, 1986, Diane White was permanently appointed Principal Office Assistant from a civil service eligible list for that title. Meadows was not permanently appointed to that position because she had failed the competitive examination for the title.

Because Ms. White was not familiar with the bookkeeping operations of the department, Meadows, the most experienced employee in the department, was asked to assist White in learning the office routine and to assist newer co-workers. The

request included demonstrating how to open and close electronic cash registers, disperse fines to municipalities, deposit money in appropriate accounts and prepare reports on the disposition of traffic cases. Meadows was required to perform each of these duties in her position as Senior Office Assistant.

In August 1986 Meadows commenced separate grievances under article 18 of the 1985-1988 collective bargaining agreement between the Unified Court System and COBANC, claiming unreasonable work assignments and discriminatory supervisory practices, and under article 19 of such agreement, alleging "out-of-title" work. In the latter regard Meadows contended that in "training" White she was performing the work of an Associate Court Clerk, salary grade JG-23. She further maintained that her regular duties were appropriate to that of a Senior Data Entry Supervisor, grade JG-18.

Meadows sought three remedies: first, to be promoted to Associate Court Clerk for nine months commencing August 20, 1986, during which time Ms. White would be fully trained by her; second, to be appointed to Senior Data Entry Supervisor upon completion of White's training; and third, to bar management from violating her noncontractual rights. Meadows never claimed that her duties were appropriate to the title of Principal Office Assistant.

On September 26, 1986, the Executive Assistant to the Nassau County District Administrative Judge, Richard Lane, issued a decision under the first step of the article 18 grievance procedure denying Meadows' claims of unreasonable work assignment and discriminatory supervisory practice. Thereafter, by agreement between the parties the two grievances were consolidated for review by the Director of Employee Relations. Director Howard Rubenstein, on November 17, 1986, denied the grievance. With respect to the article 18 claims Rubenstein stated:

"By assigning Grievant to 'train' a newly appointed Principal Office Assistant * * * the State has simply asked Grievant to share her knowledge and experience and provide the Principal Office Assistant with orientation and familiarization concerning the customs, practices and procedures of the Bookkeeping Department. Use of the term 'training' to describe this process, however, suggests more formality than perhaps is warranted.

"In essence, by performing her own duties and responsibilities, Grievant provides opportunities for the Principal Office Assistant to observe and learn * * *. This type of arrangement is common in the workplace.

"It is probably burdensome at times for Grievant to involve someone else in her work routine on a daily basis. It is neither unreasonable nor discriminatory, however, for the State to seek to use the knowledge and experience of a valued senior employee to benefit another employee who is new to the workplace.

"Grievant's additional claim that the training arrangement limits her opportunity to use her annual leave is not supported by the record."

With respect to the article 19 claims, the Director found that the duties performed by Meadows, including familiarizing White with the operations of the department, were set forth in the title standards for Senior Office Assistant and were not described in the title standards for Associate Court Clerk or Senior Data Entry Supervisor.

In this proceeding pursuant to CPLR article 78, the IAS court effectively vacated the determination by Director Rubenstein.

Respondent appeals from so much of the judgment of the IAS court as (1) determined that the assignment of Meadows to train her supervisor constituted out-of-title work and (2) awarded Meadows the difference between her salary as a Senior Office Assistant and that of a Principal Office Assistant for the period during which she was required to train her supervisor. Petitioners cross-appeal from so much of the judgment as denied Meadows' claim for relief for out-of-title duties performed on a daily basis.

It was neither unreasonable nor a discriminatory supervisory practice to request that Meadows, an experienced employee, familiarize a new supervisor with Meadows' duties. Her article 18 claims, therefore, fail.

Similarly, there was a rational basis for denial of the article 19 claims. Section 19.2 of article 19 of the collective bargaining agreement defines out-of-title work as "assigned duties which are * * * substantially different from those appropriate to the title to which the employee is certified." Further section 19.3 (b) provides that duties are not out of title if "reasonably related to the duties described in the class specifications for the grievant's title".

The title standard for "Senior Office Assistant", adopted by the Chief Administrative Judge of the Courts on July 24, 1985, states in relevant part:

"Senior Office Assistants work with a limited degree of independence on a variety of office clerical tasks * * *. They may work as supervisors of small clerical sub-units * * *.

"TYPICAL DUTIES * * *

"Distributes work assignments, checks other people's work, establishes priorities for completion of work, *trains new employees, and assists co-workers with routine problems and questions concerning work procedures and methods.*

"Extracts numerical information from court records and documents and performs simple arithmetic computations * * *.

"Records receipt of fees, fines, and bail money, checks figures, balances cash books * * *.

"Prepares periodic reports using a standardized format" (emphasis added).

The duties Meadows performed in orienting her new supervisor and in assisting co-workers are "reasonably related" to the duties authorized by the title standard and regularly performed by her. *(See, Court Officers Benevolent Assn. v Sise,* 127 AD2d 625 [2d Dept 1987], *lv denied* 69 NY2d 612 [1987].) Meadows was not assigned to evaluate the job performance of her co-workers, to ensure the accuracy of their work, to determine their vacation schedules or to formulate policy for the bookkeeping department, duties within the "Associate Court Clerk" title. Moreover, her regular duties are not "reasonably related" to the supervision of data entry personnel as described in the title standard for Senior Data Entry Supervisor.

There being a rational basis for respondent's determination it must be upheld. *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 231 [1974].)* Concur—Sullivan, J. P., Carro, Rosenberger and Smith, JJ.