■ In the Matter of ANTHONY BERTOLDI et al., Appellants, v ALBERT M. ROSENBLATT et al., Respondents.—Order and judgment (one paper), Supreme Court, New York County (Michael J. Dontzin, J.), entered on November 17, 1989, which, *inter alia,* dismissed the CPLR article 78 petition seeking to set aside the supplemental determination, dated June 22, 1988, of the Director of Employee Relations of the New York State Unified Court System, unanimously affirmed, without costs.

Petitioners sought a judgment setting aside, as arbitrary and capricious, a supplemental determination of the Director of Employee Relations (the Director) that the assignment of Senior Court Clerks to IAS Parts did not constitute out-of-title work, in violation of Civil Service Law § 61 (2), and was not prohibited by section 15.1 (b) (4) of the 1985-1988 collective bargaining agreement between the New York State Court Clerks Association and the Unified Court System. Petitioners also challenge the Director's finding which upheld the validity of the 1986 amendment to the Senior Court Clerk title standard, which incorporated the assignment of Senior Court Clerks to the IAS Parts.

The IAS court did not err in dismissing the petition. The Director's determination, that the assignment of Senior Court

Clerks to IAS Parts did not involve assignments to "duties substantially different" from those stated in the Senior Court Clerk title standard, had a rational basis and was therefore not arbitrary and capricious *(Cove v Sise,* 71 NY2d 910, 912).

The Director specifically recognized that there is an overlap in the duties of the Associate and Senior Court Clerk title standards, and that some of the former functions performed by Associate Court Clerks under the Master Calendar System were now performed by Senior Court Clerks in the IAS Parts. Nevertheless, he concluded that the distinction between the positions has been and continues to be that Associate Court Clerks are assigned duties involving a higher degree of complexity and difficulty and, unlike the Senior Court Clerks, have responsibility for supervising Senior Court Clerks and other clerical personnel. Thus, the Director concluded that "the range of clerical duties now performed by Senior Court Clerks in multi-faceted IAS Parts are appropriate for the title and are set forth in the title standard for the position or are reasonably related to the duties therein".

As we are unable to conclude that the Director's reasoning lacked a rational basis, we accordingly affirm *(Matter of Grossman v Rankin,* 43 NY2d 493, 503). Concur—Sullivan, J. P., Ross, Kassal and Smith, JJ.