■ In the Matter of the Arbitration between PINE STREET PEDIATRIC ASSOCIATES, P. C., Respondent, and PETER DE AGOSTINI, Appellant.—Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered August 1, 1990 in Ulster County, which, *inter alia,* granted petitioner's application pursuant to CPLR 7510 to confirm an arbitration award.

A written agreement between the parties limited respondent's right to "practice pediatrics within a radius of fifteen (15) miles from the limits of the City of Kingston, New York, for a period of five (5) years from the last day of employment".

It further provided that all disputes with respect to any term or provision of the agreement would be referred to arbitration. After respondent's employment with petitioner, a professional pediatrics corporation, terminated, he asserted his intention to violate the restrictive covenant. Accordingly, petitioner submitted an arbitration demand to the American Arbitration Association.

After a hearing, the arbitrator upheld the validity of the covenant with certain limitations not relevant to this appeal. Petitioner, claiming the parties intended the arbitrator's decision to be binding and nonappealable, sought confirmation of the decision and award; respondent petitioned to have the award vacated on the ground that the arbitrator exceeded his powers *(see,* CPLR 7511 [b] [1] [iii]). Supreme Court confirmed the award, prompting respondent to appeal.

Respondent contends that the arbitration award should be vacated because restrictive covenants which place unreasonable burdens on employment violate New York public policy. Irrespective of whether respondent's express written waiver of his right to appeal the arbitrator's award precludes him from petitioning *(see, Matter of Miller v New York State Dept. of Correctional Servs.,* 126 AD2d 831, *affd* 69 NY2d 970; *Matter of Security & Law Enforcement Employees v Hartnett,* 119 AD2d 877, 878), the award is not judicially reviewable. An arbitrator's determination enforcing a restrictive employment covenant, submitted to arbitration by mutual consent of the parties, is not subject to vacatur on public policy grounds unless the covenant is for an unreasonable period of time or unrelated to business concerns, neither of which obtains here *(see, Matter of Sprinzen [Nomberg],* 46 NY2d 623, 631).

Weiss, J. P., Levine, Mercure and Harvey, JJ., concur. Ordered that the judgment is affirmed, with costs.