■ In the Matter of PATRICIA TIRONE, Appellant, v GOVERNOR'S OFFICE OF EMPLOYEE RELATIONS et al., Respondents. [600 NYS2d 387] —Mercure, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered March 19, 1992 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Governor's Office of Employee Relations denying petitioner's out-of-title work grievance.

In this CPLR article 78 proceeding, petitioner challenges a determination of respondent Governor's Office of Employee Relations denying her out-of-title work grievance. The record shows that from August 1989 until her layoff on December 26, 1990, petitioner was employed as a Family Services Program Assistant, grade 14, at a State correctional facility. Petitioner initially worked under the supervision of Matthew Oveis, a Correction Counselor (Family Services Program), grade 19, assisting with the Family Reunion Program. Petitioner's grievance was based upon the contention that, following Oveis' January 24, 1990 departure, she performed his duties as well as her own. However, petitioner's evaluations for the periods March 9, 1990 to May 17, 1990 and May 18, 1990 to July 19, 1990 showed her tasks to be consistent with her job description. Further, a memorandum of the Director of Personnel of the Department of Correctional Services indicated that, although there was some overlap between petitioner's position and that of Correction Counselor (Family Services

Program), petitioner's work for the relevant period was closely supervised and was appropriate to that of a Family Services Program Assistant. In our view, the evidence supporting petitioner's contention is far less probative. Notably, an August 21, 1990 memorandum in which the facility's Deputy Superintendent for Program Services recommended petitioner's promotion to the vacant position of Correction Counselor (Family Services Program), indicating that she was "doing the job anyway", is devoid of detail as to the duties which were being performed.

We conclude that the record as a whole provides a rational basis for the determination that petitioner was not performing out-of-title work (see, Matter of Security & Law Enforcement Empls. v Hartnett, 119 AD2d 877, 878-879) and accordingly affirm Supreme Court's judgment dismissing the petition. We have considered petitioner's remaining contentions and find them to lack merit.

Weiss, P. J., Mikoll and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.