In the Matter of ROSALIE SCALA, Appellant, v JOSEPHINE GAMBINO, as Commissioner of the New York State Department of Civil Service, et al., Respondents. [612 NYS2d 91] — White, J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered January 15, 1993 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the

Governor's Office of Employee Relations denying petitioner monetary relief for out-of-title work.

On November 30, 1990 petitioner, who held the position of Treatment Unit Clerk, Grade 7 at South Beach Psychiatric Center in Staten Island, filed an out-of-title work grievance claiming that she was performing the duties of a Secretary I, Grade 11 since 1989. At the conclusion of the grievance procedure, it was determined that petitioner was performing out-of-title work. She was not awarded monetary relief, however, as it was further determined that her position is more properly classified at the lower grade title of Keyboard Specialist, Grade 6 rather than Secretary I. Petitioner then commenced this CPLR article 78 proceeding which Supreme Court dismissed, finding that the job description of a Treatment Unit Clerk and Secretary I are substantially different and, for the most part, the work performed by petitioner lies within the parameters of the job description of a Treatment Unit Clerk. This appeal ensued.

The basis for petitioner's grievance was that she devoted most of her time to typing a variety of reports and performing other clerical duties, which duties she claims are encompassed within the Secretary I job description. Respondents disagreed, pointing out that the primary role of a Secretary I in a psychiatric facility is to coordinate the administrative activities of the office, often in the absence of the direct supervisor, and to serve as the supervisor's liaison with professional and community organizations.

It is well established that administrative determinations concerning position classifications are subject to only limited judicial review, and will not be disturbed in the absence of a showing that they are wholly arbitrary or without any rational basis (see, Cove v Sise, 71 NY2d 910, 912). We find respondents' determination rational because the entry level clerical tasks performed by petitioner cannot be equated with the higher level administrative duties and responsibilities which distinguish the Secretary I position. Therefore, we find that Supreme Court's dismissal of the petition was warranted.

We have not considered petitioner's claim that her duties are encompassed within the job specifications of the Senior Typist, Grade 9 position as she did not include this issue in her grievance (see, Matter of Plummer v Klepak, 48 NY2d 486, cert denied 445 US 952).

For these reasons, we affirm.

Cardona, P. J., Casey, Weiss and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.