■ In the Matter of FARAG GERGIS et al., Respondents, v GOVERNOR'S OFFICE OF EMPLOYEE RELATIONS et al., Appellants. [615 NYS2d 101] —Weiss, J. Appeal from a judgment of the Supreme Court (Kahn, J.), entered May 24, 1993 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Governor's Office of Employee Relations denying petitioners' out-of-title grievance.

Petitioners are employed by the State Office of Mental Health at Pilgrim Psychiatric Center (hereinafter Pilgrim) in

Suffolk County in the position of Pharmacist II, Grade 18.* This CPLR article 78 proceeding was commenced to challenge a determination which denied petitioners' out-of-title work grievance. The petition alleges that commencing in October 1991, Pharmacist IIs were required to physically push the unit dose delivery truck between certain buildings at Pilgrim when Pharmacist Aides were not available to do so. These trucks when fully loaded with medications weigh about 700 pounds and require two individuals to push them. Petitioners claim that these transport duties violate article 17 of their collective bargaining agreement and constitute out-of-title work. Respondent Governor's Office of Employee Relations upheld the step 2 findings which ruled that the duties at issue do not constitute out-of-title work. Supreme Court found that the denial was arbitrary and capricious and remitted the grievance for a redetermination. This appeal by respondents ensued.

The denials at each step of the grievance process were essentially based upon the finding that transport duties "appear to be a logical extension of the requirement that Pharmacists dispense medication under a unit dose distribution system". Respondents further concluded that because these duties occurred so infrequently, no out-of-title work occurred. They essentially argue that the Director of Classification and Compensation properly found, based on the evidence before him, that the Pharmacist II job specifications include the responsibility to dispense which, when appropriate or necessary, includes delivery of medicines to the wards and/or the individual patients.

The absence of a definition of the word "dispense" in either the collective bargaining agreement, the job specifications, or in a judicial or administrative determination permits reference to be made to the dictionary for guidance *(see, Matter of Cortland-Clinton, Inc. v New York State Dept. of Health,* 59 AD2d 228). Generally, plain language should be construed in its natural and most obvious sense *(Braschi v Stahl Assocs. Co.,* 74 NY2d 201, 217-218 [Simons, J., dissenting]; *Klein v Empire Blue Cross & Blue Shield,* 173 AD2d 1006, 1009). Webster's Ninth New Collegiate Dictionary 365 (1988) defines "dispense" as "to prepare and distribute (medication)" and the word "distribute" as "to give out or deliver esp. to members of a group" (Webster's Ninth New Collegiate Dictionary 368

---

* The President of the New York State Public Employees Federation, AFL-CIO, the recognized and certified negotiating representative for the Professional, Scientific and Technical Services Unit of State Employees, joined as a petitioner.

[1988]). Based on these definitions, a finding that the two words are synonymous and that distributing the medicines to patients at their locations in the facility is encompassed within the duties of Pharmacist IIs would not be irrational. We further note that while the job description of a Pharmacy Aide does not specifically include the requirement that they deliver the unit dose trucks to certain buildings at Pilgrim, no question has been raised concerning this accepted duty.

When reviewing appeals involving out-of-title work grievances, courts generally hold that if the record as a whole provides a rational basis for the determination, it will be upheld *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 231; *Matter of Tirone v Governor's Off. of Empl. Relations,* 195 AD2d 816). We note that respondents did not hold that either the job specifications or the regular assignment of Pharmacists IIs includes transporting the unit dose truck to other buildings. Instead, they found the *infrequent* pushing of the dose truck was a logical extension to the duties of Pharmacist IIs. The record shows, and petitioners concede, that this assignment, although regular, was required only infrequently and lends credence to the rationality of respondents' determination. In the absence of a showing that the determination was wholly arbitrary, it must be affirmed *(see, Cove v Sise,* 71 NY2d 910, 912; *Matter of Bertoldi v Rosenblatt,* 167 AD2d 237, 238; *cf., Matter of Kuppinger v Governor's Off. of Empl. Relations,* 203 AD2d 664).

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.