■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, et al., Appellants, v NEW YORK STATE UNIFIED COURT SYSTEM et al., Respondents. (And Another Related Proceeding.) [632 NYS2d 889] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered May 9, 1994 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Unified Court System denying petitioner Nicole Ventresca's out-of-title work grievance.

Appeal from a judgment of the Supreme Court (Canfield, J.), entered April 12, 1995 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Unified Court System denying the out-of-title work grievances of petitioners Charles Dooley, Robert Lynch and Philip Rassier.

At all times relevant to these proceedings, petitioner Nicole

Ventresca was employed as a Senior Office Assistant (Grade 8), and petitioners Charles Dooley, Robert Lynch, and Philip Rassier were employed as Court Aides or Court Attendants (Grades 8 and 10) in the Court of Claims. In 1992, legislation was enacted authorizing the use of mechanical recording equipment, in lieu of the taking of stenographic minutes, to record proceedings in that court. In due course, petitioners were assigned new duties in connection with the operation and monitoring of that equipment, and thereafter, in accordance with procedures outlined in a collective bargaining agreement between petitioner Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO and respondent Unified Court System (hereinafter the agreement), each filed a grievance charging that he or she was being required to perform out-of-title work in violation of the terms of the agreement. When the grievances were denied, petitioners brought the instant proceedings, contending that the denials were arbitrary, capricious and violative of both the clear terms of the agreement and of Civil Service Law § 61 (2). Supreme Court found petitioners' claims meritless and the resulting appeals were consolidated in this Court.

We affirm. Review of the title standards under which petitioners are employed reveals a rational basis for concluding, as respondents did, that the new duties petitioners have been assigned are similar in nature and thus "related to" or "a reasonable outgrowth of" those described therein.* A Senior Office Assistant's assigned tasks include "[c]heck[ing] * * * court records * * * to determine whether required information is * * * accurate", and "[m]ak[ing] use of various types of electronic data * * * and information processing equipment to check, obtain, originate, modify, or delete information for a variety of court or administrative records". Taken together, these activities manifestly encompass the use of tape-recording equipment to verify the content of a court record. The positions of Court Aide and Court Attendant, which are focused on the maintenance of orderly operations in the courtroom during court proceedings, also involve operating office machinery, preparing written documentation of court processes and checking records.

---

* Article 16 of the agreement provides that work will be considered "out-of-title" if it consists of duties which "are substantially different from those appropriate to the title to which the employee is certified", and that duties are not out-of-title if, *inter alia*, they "are reasonably related to the duties described in the class specifications for the grievant's title", or "are new duties which are a reasonable outgrowth of duties usually performed by employees in the grievant's title".

Respondents found—not unreasonably in our view—that the mere fact that petitioners must verify the accuracy of the tape recordings as they are being made, rather than later, does not change the basic nature of the task; that the level of responsibility inherent in monitoring a tape recorder is no greater than that assumed when checking other court records, or annotating docket or minute books; and that the duties performed by petitioners differ in material respects from those performed by Court Reporters (Grades 24 and 27) or Family Court Hearing Examiner Assistants (Grade 16), positions which are more complex and require considerably different skills and training, and to which petitioners sought to be reclassified. In short, the record provides ample basis for respondents' conclusion that the new obligations are a reasonable outgrowth of those listed in petitioners' job specifications, and hence do not constitute out-of-title work (*see, Cove v Sise*, 71 NY2d 910, 912; *Matter of Gergis v Governor's Off. of Empl. Relations*, 206 AD2d 766, 768, *lv denied* 84 NY2d 811; *Matter of Bertoldi v Rosenblatt*, 167 AD2d 237, 238; *Meadows v Rosenblatt*, 161 AD2d 430, 433).

Mikoll, J. P., Crew III, Casey and Peters, JJ., concur. Ordered that the judgments are affirmed, without costs.