■ In the Matter of EVAN GORELICK et al., Appellants, v GOVERNOR'S OFFICE OF EMPLOYEE RELATIONS et al., Respondents. [642 NYS2d 730] —Mercure, J. Appeal from a judgment of the Supreme Court (Spain, J.), entered February 14, 1995 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Governor's Office of Employee Relations denying petitioner Evan Gorelick's out-of-title grievance.

At all times relevant to this appeal, petitioner Evan Gorelick (hereinafter petitioner) was employed by the State Department of Correctional Services as a Senior Correction Counselor, Grade 22, at a minimum security correctional facility in Dutchess County. On August 6, 1992, petitioner's union filed a contract grievance on his behalf charging that petitioner was performing the out-of-title duties of a Deputy Superintendent of Program Services I, M-1. The grievance was based, in part, upon a June 15, 1990 decision of Barry Lorch, the Director of Classification and Compensation of the Department of Civil Service, who concluded that petitioner's duties could be appropriately classified as within the higher position. Petitioner's grievance was denied at step 2 of the grievance resolution procedure and a step 3 appeal was filed with respondent Governor's Office of Employee Relations (hereinafter GOER).

GOER referred the matter to Lorch for review and an advisory opinion and, upon review of all the applicable information including petitioner's performance evaluations, Lorch rescinded his earlier findings, concluded that petitioner's duties did not constitute out-of-title work and recommended that the grievance be denied. GOER adopted the recommendation and

petitioner commenced this CPLR article 78 proceeding to challenge that determination. Supreme Court dismissed the petition and this appeal followed.

We affirm. In our view, the record as a whole provides a rational basis for the determination that the duties petitioner performed were "substantially similar" to those detailed in his job description and that he was not performing out-of-title work (*see, Matter of Tirone v Governor's Off. of Empl. Relations*, 195 AD2d 816). Although there may be some overlap between petitioner's position and that of a Deputy Superintendent for Program Services, we note that petitioner supervises no Senior Correction Counselors, whereas the higher position requires the supervision of at least two such individuals. Further, Lorch pointed out that his original recommendation was based in large part upon a projected growth in inmate population and a resulting increase in staff that never materialized. In addition, the fact that petitioner was assigned to serve as Acting Superintendent from time to time is not dispositive of the matter (*see, e.g., Matter of Gergis v Governor's Off. of Empl. Relations*, 206 AD2d 766, 768, *lv denied* 84 NY2d 811; *Matter of Security & Law Enforcement Empls. v Hartnett*, 119 AD2d 877, 878-879).

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.