■ In the Matter of HENRY RAUSCH et al., Respondents, v WALTER PELLEGRINI, as Acting Director of the Governor's Office of Employee Relations of the State of New York, et al., Appellants. [655 NYS2d 127] —Spain, J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered September 26, 1995 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to, *inter alia*, annul a determination of respondent Director of Employee Relations denying an out-of-title work grievance filed by petitioner Henry Rausch.

Petitioner Henry Rausch (hereinafter petitioner) is employed at Greene Correctional Facility in Greene County in the title of Correctional Facility Food Administrator I (hereinafter FSA I). Prior to July 1991 he worked under the supervision of a Correctional Facility Food Administrator II (hereinafter FSA II). In July 1991, the Department of Correctional Services (hereinafter DOCS) reorganized the food service system at correctional facilities throughout the State by instituting the "Quick Chill" program. Under this program, petitioner's supervisor was transferred to a different facility and petitioner assumed his duties, but retained the FSA I work title and pay grade. Thereafter, petitioner, through his collective bargaining representative, petitioner Civil Service Employees Association, filed a grievance challenging the requirement that he perform out-of-title work at the pay grade applicable to a FSA I title. The grievance was denied at the agency level and on administrative appeal. Petitioners then commenced this CPLR article 78 proceeding challenging the administrative denial of petitioner's grievance as arbitrary and capricious. Supreme Court granted the petition and respondents appeal.

Respondents contend that because petitioner's duties had been modified through the implementation of the "Quick Chill" program, he was not engaged in out-of-title work and, therefore, his grievance was properly denied. The record, however, clearly indicates that as late as 1995 DOCS officials were continuing to work with the Department of Civil Service to recodify job duties of food service employees to conform with changes brought about by the "Quick Chill" program. Petitioner has been performing the duties of a FSA II since July 1991 when his supervisor was transferred. The official job description for a

FSA I in effect at the time of the commencement of this proceeding placed responsibility for management of facility food service operations on the FSA I for assigned shifts. Since July 1991, however, petitioner has been responsible for the full gamut of food service operations on all shifts at Greene Correctional Facility seven days a week. This represents a significant increase in supervisory responsibility for petitioner. Likewise, while the "Quick Chill" program has resulted in the centralization of much of the meal preparation, petitioner is still responsible for, *inter alia*, supervising civilian and inmate employees, planning meals, attending facility management meetings and coordinating all aspects of the breakfast meal. Such duties were previously the responsibility of petitioner's supervisor who was classified in the FSA II title. The assignment of out-of-title work, other than on an emergency basis, is clearly prohibited by Civil Service Law § 61 (2) (*see, Matter of Kuppinger v Governor's Off. of Empl. Relations*, 203 AD2d 664). In *Matter of Kuppinger v Governor's Off. of Empl. Relations* (*supra*), an out-of-title finding was affirmed when a nurse in a limited supervisory role was regularly assigned to supervise the entire medical staff at a State facility (*see, supra*, at 665). Here, as in *Kuppinger*, petitioner has seen his limited supervisory duties vastly expanded, making him responsible for all food service operations at Greene Correctional Facility. In our view, the extension of petitioner's duties constitutes out-of-title work and Supreme Court properly granted the relief requested in the petition.

Crew III, J. P., Casey, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, with costs.