■ In the Matter of ROBERT W. BAILEY et al., Appellants, v GOVERNOR'S OFFICE OF EMPLOYEE RELATIONS et al., Respondents. [686 NYS2d 907] —Mikoll, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.). entered January 30, 1998 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Governor's Office of Employee Relations denying petitioner Robert W. Bailey's out-of-title grievance.

Petitioner Robert W. Bailey (hereinafter petitioner) is employed by respondent Department of Transportation as a Supervising Motor Vehicle Inspector (hereinafter SMVI), a grade 17 position. During an investigation of complaints concerning his job performance, petitioner was relieved of his normal duties and placed on special assignment for a 54-day period beginning March 20, 1997. Based upon allegations that the special assignment constituted out-of-title work in violation of the relevant collective bargaining agreement and Civil Service Law § 61 (2), petitioner's union filed a grievance on his behalf. The grievance was denied at the agency level and respondent Governor's Office of Employee Relations (hereinafter respondent) denied the administrative appeal. Petitioner and the president of his union thereafter commenced this CPLR article 78 proceeding to review the administrative determination.

Petitioners contend that the duties petitioner performed while on special assignment were limited to streamlining bus inspection forms and revising program guidelines, forms and manuals for the Motor Carrier Safety Bureau, duties which, according to petitioner, do not fall within any of the tasks he had performed as an SMVI. The typical tasks described in the classification standards for the SMVI position, however, include participation in special studies relating to bus safety, preparation of reports and records about the district program and provision of technical assistance and advice. The record as a whole provides a rational basis for respondent's determination that petitioner was not performing out-of-title work (see, Matter of Tirone v Governor's Off. of Empl. Relations, 195 AD2d 816).

Relying on Matter of Kuppinger v Governor's Off. of Empl. Relations (203 AD2d 664) and Matter of Collins v Governor's Off. of Empl. Relations (211 AD2d 1001), petitioners contend that, because the tasks petitioner performed while on special assignment were among those performed by employees in the higher position of Intermodal Transportation Specialist 2, he was doing out-of-title work. In each of those cases, the petitioner was regularly assigned to perform the supervisory

duties of the higher class position when the person in that position was unavailable. The record in this case, however, establishes that, while the Intermodal Transportation Specialist 2 position is a supervisory position requiring the management of a unit, petitioner's special assignment resulted in his removal from any supervisory responsibility. In these circumstances, the mere fact that there may have been some overlap between the duties of petitioner's special assignment and those of the higher position does not establish any irrationality in respondent's determination (*see, Matter of Gorelick v Governor's Off. of Empl. Relations,* 227 AD2d 858).

Cardona, P. J., Crew III, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.