■ In the Matter of JOHN F. CURTISS et al., Appellants, v LINDA ANGELLO, as Director of the Governor's Office of Employee Relations of the State of New York, et al., Respondents. [702 NYS2d 476] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Sheridan, J.), entered December 30, 1998 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Director of Employee Relations denying petitioner John F. Curtiss' out-of-title grievance.

Petitioner John F. Curtiss (hereinafter petitioner), who is employed by the Department of Environmental Conservation as a Fish & Wildlife Technician II, filed a contract grievance in December 1996 alleging that he was performing the out-of-title duties of a Fish & Wildlife Technician III. Although the grievance was sustained at the agency level, it was denied at the remaining steps of the grievance procedure. Petitioner and his union thereafter commenced this CPLR article 78 proceeding to review the final determination of respondent Director of Employee Relations (hereinafter respondent) denying the grievance. Supreme Court dismissed the petition, resulting in this appeal by petitioners.

The relevant standard of review is whether the record as a whole provides a rational basis for the determination denying petitioner's out-of-title work grievance (see, *Matter of Gergis v Governor's Off. of Empl. Relations*, 206 AD2d 766, 768, *lv denied* 84 NY2d 811). The determination will not be disturbed unless it is "wholly arbitrary or without any rational basis" (*Matter of Scala v Gambino*, 204 AD2d 933, 934). Respondent concluded that the duties of a Fish & Wildlife Technician III included region-wide coordination of programs and direct supervision of subordinate staff, duties that petitioner did not perform.

Petitioner claims that the determination is arbitrary because it was not based exclusively on the job classification specifications in effect when the grievance was filed. We disagree.

The specifications upon which petitioner relies were adopted in 1970. In 1995, prior to petitioner's grievance, the Department of Civil Service undertook a review of various titles, including those in the Fish & Wildlife Technician series. The review included audits of the incumbents of the various positions which revealed that the duties of the incumbents had changed over time, rendering the 1970 specifications obsolete. As a result, new draft specifications were developed and, in March 1998, the Fish & Wildlife Technician II and III titles were reallocated to higher salary grades. We find nothing arbitrary or irrational in respondent's consideration of the results of the audits, which disclosed the actual duties being performed by incumbents. In the 1970 specifications, the principal distinction between the two titles was the greater supervisory and administrative responsibility of the higher grade title. The audits conducted as part of the review process revealed that, although the duties of the incumbents had changed, the principal distinction continued to be the greater supervisory and administrative responsibility of the higher grade title.

In contrast to *Matter of Rausch v Pellegrini* (237 AD2d 771), upon which petitioner relies, petitioner was not obligated to perform the duties of his supervisor. Nor is petitioner entitled to the relief he seeks merely because there is some overlap of the duties he performs and those of a Fish & Wildlife Technician III (*see, Matter of Bailey v Governor's Off. of Empl. Relations*, 259 AD2d 940, 941; *Matter of Gorelick v Governor's Off. of Empl. Relations*, 227 AD2d 858). The record as a whole provides a rational basis for respondent's conclusion that petitioner was not performing out-of-title work and, therefore, Supreme Court correctly dismissed the petition.

Mercure, Peters and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.