■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, Appellant, v LINDA ANGELLO, as

Director of the State of New York Governor's Office of Employee Relations, et al., Respondents. [715 NYS2d 537] —Lahtinen, J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered June 3, 1999 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying petitioner's out-of-title work grievance.

Petitioner is the representative of 120 employees working within the Central New York Developmental Disabilities Service Organization, a branch of the State Office of Mental Retardation and Developmental Disabilities (hereinafter OMRDD), in the job title of Developmental Aide-In Residence Model (hereinafter DA-IRM), a salary grade 9 position. Petitioner filed a class action grievance on behalf of these employees claiming that they were routinely assigned supervisory duties of a salary grade 12 Developmental Assistant I-In Residence Model (hereinafter DA1-IRM)[1] and that such tasks constituted out-of-title work under article 24 of the collective bargaining agreement then in effect between petitioner and the State. The grievance alleged, *inter alia*, that the employees within the DA-IRM title were improperly required to perform the supervisory duties of a higher grade DA1-IRM, to wit: submit budget reports, purchase requests, maintenance logs, time and attendance sheets, vehicle reports, formulate menus, supervise client recreational activities, provide for subordinate staff training and make decisions concerning the operation of the sleepover residences on a regular basis. The grievance was denied at each step at the agency level (respondents Thomas A. Barton and Thomas A. Maul) and at the final (step 3) grievance step by respondent Governor's Office of Employee Relations (hereinafter GOER). In denying the grievance at step 3, GOER determined that petitioner failed to raise issues pertaining to supervision of client recreational activities and subordinate staff training during the grievance process and therefore refused to review same.

Petitioner commenced this CPLR article 78 proceeding challenging the denial of the grievance as arbitrary and capricious and contrary to law, seeking an order directing respondents to cease and desist from assigning grade 9 employees to perform grade 12 work and retroactive grade 12 pay for the members of the class. Supreme Court dismissed the petition finding the duties complained of were not beyond the contemplation of the job description for DA-IRMs nor excessively complex or dif-

---

1. Both categories of in residence models stay overnight supervising clients in an OMRDD residence.

ficult, that petitioner failed to show that class members spent a significant amount of time at the objectionable tasks and concluded there was a rational basis for denial of the grievance. Supreme Court also found the issues involving recreational duties and employee training were not subject to judicial review and that respondents' submissions sufficiently explained their inconsistent August 22, 1996 determination of an individual grievance involving similar DA-IRM and DA1-IRM issues. Petitioner now appeals.

Out-of-title work, other than on an emergency basis, is prohibited by Civil Service Law § 61 (2) (*see, Matter of Rausch v Pellegrini*, 237 AD2d 771, 772). However, performance of duties by a grievant which are substantially similar to those set forth in that person's job description does not constitute out-of-title work (*see, Matter of Gorelick v Governor's Off. of Empl. Relations*, 227 AD2d 858), nor does some overlap of the duties of a grade 9 employee and the higher grade 12 employee (*see, Matter of Bailey v Governor's Off. of Empl. Relations*, 259 AD2d 940, 941). Accordingly, ever mindful of the policy of our courts to defer to an administrative agency on issues within their expertise, reviewing them only on limited grounds (*see, Uniformed Firefighters Assn. v City of New York*, 79 NY2d 236, 241-242; *Flacke v Onondaga Landfill Sys.*, 69 NY2d 355, 363), our standard of review in these matters is whether the record as a whole provides a rational basis for the determination to deny the grievance (*see, Matter of Curtiss v Angello*, 269 AD2d 675; *Matter of Gergis v Governor's Off. of Empl. Relations*, 206 AD2d 766, 768, *lv denied* 84 NY2d 811) and we will not disturb such determination unless it is "wholly arbitrary or without any rational basis" (*Matter of Scala v Gambino*, 204 AD2d 933, 934).

Applying these limiting legal principles to our review of the record, we find nothing which would lead us to conclude that respondents' underlying decisions require our intervention. Petitioner's main argument that DA-IRMs were routinely assigned supervisory duties of DA1-IRMs is tempered by petitioner's concession that "[i]t is not disputed that the DA-IRMs do not supervise other employees"[2] and the tasks of preparing and submitting budget reports, purchase requests and other documents performed by DA-IRMs in their residential settings, as reflected in this record, were rationally determined not to be out-of-title work or permissive overlap of the duties of DA1-IRMs who supervise those residences (*see,*

2. This statement is contained in the affirmation of petitioner's counsel dated February 3, 1999 filed in support of petitioner's reply.

*Matter of Gorelick v Governor's Off. of Empl. Relations, supra,* at 859).

Nor do we disagree with Supreme Court's finding that issues involving recreational duties and training alleged in the petition were not "actually raised" in the grievance proceeding and therefore not subject to judicial review (*see,* CPLR 7801 [1]; *Matter of Roggemann v Bane,* 223 AD2d 854, 856).

Likewise, petitioner's claim that GOER's apparent failure to explain its inconsistent August 22, 1996 decision in a grievance based on similar claims of out-of-title work renders GOER's April 10, 1998 determination in this case arbitrary and capricious (*see, Matter of Martin [Troy Publ. Co.—Roberts],* 70 NY2d 679, 681; *Matter of Collins v Governor's Off. of Empl. Relations,* 211 AD2d 1001) is also not properly before us since it "was not raised before the appropriate administrative bodies and is therefore not preserved for our review" (*Matter of Henry v Wetzler,* 82 NY2d 859, 862, *cert denied* 511 US 1126; *see, Matter of Scotsmen Press v State of New York Tax Appeals Tribunal,* 165 AD2d 630, 634). Notwithstanding Supreme Court's consideration of this issue, such a claim must be first made at the administrative level and cannot be raised for the first time on judicial review of the administrative determination (*see, Matter of Rauer v State Univ. of N. Y.,* 159 AD2d 835).

We have reviewed petitioner's remaining contentions and find them to be without merit.

Cardona, P. J., Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.