■ In the Matter of LARRY WOODWARD et al., Respondents, v GOVERNOR'S OFFICE OF EMPLOYEE RELATIONS et al., Appellants. [718 NYS2d 465] —Crew III, J. P. Appeal from a judgment of the Supreme Court (Ferradino, J.), entered November 24, 1999 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Governor's Office of Employee Relations denying petitioners' out-of-title work grievance.

Petitioner Larry Woodward (hereinafter petitioner) is employed by respondent Department of Correctional Services at respondent Elmira Correctional Facility in Chemung County as a Senior Correction Counselor, a grade 22 position. A review of the relevant Department of Civil Service job specifications reveals that individuals employed in the correction counselor series generally "apply social casework principles to the social, educational and vocational rehabilitation of prisoners." Beginning in 1994, petitioner was assigned on a rotational basis to conduct tier III disciplinary hearings at the facility. As one of the 10 civilian supervisory-level employees assigned such duties, petitioner conducted an average of 61 tier III disciplinary hearings per year between May 1, 1994 and June 1, 1999.

In September 1994 petitioner requested, *inter alia,* that his name be removed from the list of individuals assigned to conduct tier III hearings or, alternatively, that he be compensated for performing the tasks of a Hearing Officer, a grade 25 position. Petitioner's request was denied and, in February 1997, petitioner filed a grievance alleging that compelling him to conduct tier III hearings constituted out-of-title work in violation of article 17 of the 1995-1999 contract between the State and the Public Employees Federation, AFL-CIO (hereinafter PEF). The grievance was denied, prompting an appeal to respondent Governor's Office of Employee Relations (hereinafter GOER). GOER, in turn, referred the matter to Michael Roche, Director of respondent Division of Classification and Compensation of the Department of Civil Service. In the advisory opinion subsequently provided to GOER, Roche concluded that "the grieved assignment [did] not constitute out-of-title work * * * [as] [t]he limited assignment of [petitioner] to serve as a disciplinary hearing officer [was] a logical and proper extension of the duties of a Senior Correction Counselor and other civilians at this organizational level of correctional facility staffing." Accordingly, GOER denied petitioner's grievance.

Following unsuccessful administrative appeals, petitioner and petitioner Roger E. Benson, as President of PEF, commenced this proceeding pursuant to CPLR article 78 seeking to

annul GOER's denial of petitioner's out-of-title grievance and to obtain a determination that petitioner is entitled to back pay at the grade 25 level. Finding that the assignment of petitioner to conduct tier III hearings indeed constituted out-of-title work that was performed on a regular and nonemergency basis, Supreme Court annulled GOER's determination and remitted this matter to respondents for a redetermination and appropriate award of back pay. This appeal by respondents ensued.

We affirm. Out-of-title work, other than that performed on an emergency basis, is prohibited by Civil Service Law § 61 (2) (*see, Matter of Civil Serv. Empls. Assn. v Angello,* 277 AD2d 576, 578; *Matter of Rausch v Pellegrini,* 237 AD2d 771, 772) and, insofar as is relevant to this appeal, article 17 of the 1995-1999 contract between the State and PEF.* It is important to note, however, that not all additional duties constitute out-of-title work, and the mere fact that there may be some overlap between two particular positions does not mandate a finding that a petitioner is being compelled to perform out-of-title work (*see, Matter of Civil Serv. Empls. Assn. v Angello, supra,* at 578; *Matter of Gorelick v Governor's Off. of Empl. Relations,* 227 AD2d 858, 859).

In reviewing an out-of-title work grievance, our inquiry essentially distills to whether "the record as a whole provides a rational basis for the determination that the duties [the] petitioner performed were 'substantially similar' to those detailed in his job description and that he was not performing out-of-title work" (*Matter of Gorelick v Governor's Off. of Empl. Relations, supra,* at 859). Stated another way, we are to consider whether the new duties so assigned are "appropriate to" (*Matter of Steen v Governor's Off. of Empl. Relations,* 271 AD2d 738, 740) petitioner's title standards and/or are "similar in nature and thus 'related to' or 'a reasonable outgrowth of' those [standards]" (*Matter of Civil Serv. Empls. Assn. v New York State Unified Ct. Sys.,* 221 AD2d 694, 695). Our inquiry in this regard is, of course, tempered by our limited standard of review—namely, whether the record as a whole provides a rational basis for the underlying determination, which will not be disturbed absent a showing that it is "wholly arbitrary or

---

* Civil Service Law § 61 (2) provides, in relevant part, that "[n]o person shall be appointed, promoted or employed under any title not appropriate to the duties to be performed and, except upon assignment by proper authority during the continuance of a temporary emergency situation, no person shall be assigned to perform the duties of any position unless he has been duly appointed, promoted, transferred or reinstated to such position in accordance with the provisions of this chapter and the rules prescribed thereunder."

without any rational basis" (*Cove v Sise*, 71 NY2d 910, 912; *see, Matter of Curtiss v Angello*, 269 AD2d 675).

With these principles in mind, we turn to the Department of Civil Service specifications governing the position of Senior Correction Counselor, which indicate that petitioner is responsible for, *inter alia*, supervising Correction Counselors and other clerical personnel, directing service unit activities (including prisoner orientation, classification, treatment plans and social casework), interviewing, counseling and guiding inmates with institutional, personal, behavioral, social and educational problems, organizing and supervising orientation, group counseling, pre-parole and pre-release classes and providing in-service training to his staff. Although the foregoing does not represent an exhaustive list of petitioner's responsibilities, it is apparent from even a cursory review of petitioner's job specifications that his primary function is to counsel and provide prisoners with those services necessary to facilitate their adjustment to prison life. In our view, presiding over quasi-judicial adversarial proceedings, hearing and receiving evidence, making appropriate findings of fact and conclusions of law and imposing punishment simply cannot be said to be reasonably related to or viewed as a logical extension of petitioner's duties as a Senior Correction Counselor. Accordingly, Supreme Court appropriately concluded that respondents' determination denying petitioner's out-of-title grievance lacked a rational basis and was wholly arbitrary and capricious.

As noted previously, both article 17 of the contract between the State and PEF and Civil Service Law § 61 (2) permit an employee to perform duties outside his or her title "upon assignment by proper authority during the continuance of a temporary emergency situation." Respondents, however, do not contend that petitioner's assignment to conduct tier III hearings was made on a "temporary emergency" basis and, given that petitioner conducted such hearings on a regular basis over a five-year period, it is clear that the statutory and/or contractual exception does not apply. Moreover, as Supreme Court noted, to the extent that 7 NYCRR 253.1 permits a facility superintendent to, at his or her discretion, "designate some other employee to conduct disciplinary hearings," such designation is valid only to the extent that it does not violate Civil Service Law § 61 (2). Respondents' remaining arguments have been examined and found to be lacking in merit.

Peters, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.