OPINION OF THE COURT
Thomas W. Keegan, J.
Petitioners commenced this CPLR article 78 proceeding seeking a review of a determination of respondent Governor’s Office *157 of Employee Relations (GOER) denying petitioners’ out-of-title work grievance.
Petitioners commenced a grievance under article 17 of the PEF/State collective bargaining agreement at step 2 claiming as employees classified as grade 14 recreation therapists they had been assigned out-of-title duties classified as grade 9 mental health therapy aides (MHTAs). In their grievance, petitioners sought cessation of the assignment of out-of-title work. The out-of-title work included half an hour of “breakfast coverage,” such as cleaning tables and supervision, half an hour of “room care,” such as doing laundry and cleaning, 45 minutes of “personal hygiene services” on weekends, “lunch duty” on weekend days, “bathroom coverage” for half an hour once a week, and various other occasional duties. In finding that the assigned duties were consistent with the classification standards of the recreation therapist title, the step 2 grievance was denied after an agency level hearing and an appeal to step 3 was made to the director of GOER.
In making a step 3 determination, the director of GOER must seek an opinion from the director of Division of Classification and Compensation (DC&C). Upon review, DC&C Director Nicholas Vagianelis recommended that petitioners’ step 3 appeal be denied. His findings were adopted by the director of GOER and the appeal was denied. The decision concluded that providing staff coverage for approximately half an hour in the morning and during patient lunch periods is not a majority of the incumbent’s work time and, therefore, does not constitute out-of-title work.
Less than 30 days later, pursuant to article 17 of the PEE/ State collective bargaining agreement, petitioners filed a step 3V2 appeal. A step 3V2 appeal seeks reconsideration of the prior decision with additional documentation submitted intended to further support the appeal. Additional affidavits of the grieving employees were submitted but the step 3V2 appeal was denied on the same grounds as the step 3 decision. Consequently, this proceeding ensued.
Petitioners claim that GOER’s decision finding that petitioners were not performing out-of-title work was arbitrary, capricious, and contrary to law. Petitioners seek an order enjoining respondents from further assigning out-of-title work to petitioners, together with an award of costs and disbursements.
Respondents maintain that their decision was rationally based and that the petition should be denied.
Civil Service Law § 61 (2) relates to out-of-title work and provides that in cases other than a temporary emergency, “no *158 person shall be assigned to perform the duties of any position unless he has been duly appointed, promoted, transferred or reinstated to such position in accordance with the provisions of this chapter and the rules prescribed thereunder.” Article 17 of the PEF/State employment agreement similarly states that “[n]o employee shall be employed under any title not appropriate to the duties to be performed and, except upon assignment by proper authority during the continuance of a temporary emergency situation, no person shall be assigned to perform the duties of any position unless he/she has been duly appointed, promoted, transferred or reinstated to such position in accordance with the provisions of the Civil Service Law, Rules, and Regulations.”
Petitioners argue that GOER’s decision regarding their out-of-title work is contrary to Civil Service Law § 61 (2), and thus contrary to public policy.
In first addressing their public policy argument, the court notes that the intentions behind Civil Service Law § 61 (2) are different from those asserted and relied on by petitioners. Petitioners’ position seems to be that any work not specifically addressed in a particular job title is contrary to Civil Service Law § 61 (2), and thus contrary to public policy. However, there is more to it than that. A review of the relevant case law reveals the public policy at work. What is most often encountered is out-of-title work in a higher position, usually supervisory in nature, and the need to take adequate measures to ensure that individuals have the proper training and skills to meet the obligations of their title, thereby ensuring the safety of the public — the most compelling governmental interest. (Matter of Collins v Governor’s Off. of Empl. Relations, 211 AD2d 1001 [1995]; see Matter of Kuppinger v Governor’s Off. of Empl. Relations, 203 AD2d 664 [1994] [lower grade nonsupervisory nurse doing supervisory work constituted out-of-title work]; see also Matter of Caruso v Mayor of Vil. of S. Glens Falls, 278 AD2d 608 [2000]; Mazzeo v Incorporated Vil. of E. Hampton, 190 AD2d 735 [1993] [police officers untrained for high-ranking positions filling in when superiors were out constituted out-of-title work].)
In short, the public policy implicated addresses the greater good of the public and community as a whole, not the interests of state employees who feel that they are performing degrading work.
Petitioners also claim that the duties assigned to the recreation therapists are absolutely out of title, but offer no definí *159 tive proof that the activities are per se out of title. While petitioners rely on the Appellate Division, Third Department, decision in Matter of Woodward v Governor’s Off. of Empl. Relations (279 AD2d 725 [2001]), they ignore the Court’s statement “that not all additional duties constitute out-of-title work, and the mere fact that there may be some overlap between two particular positions does not mandate a finding that a petitioner is being compelled to perform out-of-title work.” (Woodward, 279 AD2d at 726, citing Matter of Gorelick v Governor’s Off. of Empl. Relations, 227 AD2d 858 [1996].)
In this court’s view, the instant case is more analogous to an earlier Third Department decision in which higher grade pharmacist IIs were required to do lower grade pharmacy aides work which did not directly fit into their job description (see Matter of Gergis v Governor’s Off. of Empl. Relations, 206 AD2d 766 [1994]). The Appellate Division reversed the lower court’s finding that GOER’s actions were arbitrary and capricious because they believed that the record did not wholly support it. As in the instant case, respondents did not hold that either the job specifications or the regular assignments of the classification included the challenged assignment, rather, they found that the claimed out-of-title work performed by the grievants, although regular, was infrequent and a “logical extension to [their] duties.” (Id. at 768.)
An arbitrary and capricious action is that which is taken without regard to the facts and without sound basis in reason. (Heintz v Brown, 80 NY2d 998 [1992].) In determining if such action has been taken, the court’s role is limited; it may not disturb factual determinations (Heintz, 80 NY2d at 1000), nor weigh the evidence (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1, 34 NY2d 222, 230 [1974]), nor substitute its judgment for that of the administrative official. (Id. at 230-231.) The question is whether there’s a rational basis. (Id. at 231.)
Here, the court must determine whether “ ‘the record as a whole provides a rational basis for the determination that the duties * * * performed were “substantially similar” to those detailed in [the] job description and that [petitioner] was not performing out-of-title work.’ ” (Woodward, 279 AD2d at 726, citing Gorelick, 227 AD2d at 859.) A recreation therapist is defined by the New York State Department of Civil Service as being a member of a “treatment team,” which encompasses MHTAs as well. The respondents’ factual determinations regarding the frequency of the challenged assignments together *160 with the fact that the classification standard for recreation therapist dates back to 1976, prior to the present day interdisciplinary treatment team approach, lends credence to the rationality of respondents’ determination as a whole. (Gergis, 206 AD2d at 768.)
Accordingly, the petition is dismissed, and the relief requested therein is in all respects denied.