■ In the Matter of Kenneth Brynien, as President of the New York State Public Employees Federation, AFL-CIO, Appellant, v Governor's Office of Employee Relations et al., Respondents. [897 NYS2d 290]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Lynch, J.), entered December 24, 2008 in Albany County, which, among other things, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Governor's Office of Employee Relations denying petitioner's out-of-title work grievances.

Petitioner, as president of the certified bargaining representative of the 12 respondent employees herein (hereinafter affected employees), filed 12 out-of-title work grievances with respondent New York State Office of Mental Health (hereinafter OMH) challenging the full-time assignment of the affected employees who were employed in various clinical and direct care civil service titles within OMH facilities.* The grievances alleged that the full-time assignments of the 12 affected employees to the "in-house" position of "Quality of Care Risk Managers" were not properly approved by the Director of the Department of Civil Service's Division of Classification and Compensation (hereinafter DCC) (*see* Civil Service Law §§ 117, 118) and, therefore, those duties constituted improper out-of-title work given the affected employees' various civil service title stan-

---

* Respondents Isa L. Picker and Karen Davidson were employed in the civil service title of "Rehabilitation Counselor 2," salary grade 19; respondents Arielah Press and Diane Goldbach were employed in the civil service title of "Nurse 2," salary grade 16; respondent Vera Hill was employed as a "Rehabilitation Assistant 2," salary grade 14; respondent Eileen McIntyre was employed as a "Nurse Administrator 1," salary grade 20; respondent Dominic Dispenza was employed as a "Licensed Master Social Worker 2," salary grade 20; respondent Keith Shepard was employed as a "Residential Program Manager 2," salary grade 19; respondent Gary Owen was employed as a "Nurse 2 (Psychiatric)," salary grade 16; respondent Paula Busch was employed as a "Utilization Review Coordinator," salary grade 19; respondent Susan L. Gibson was employed as a "Nurse Administrator 1 (Psychiatric)," salary grade 20; and respondent Mary Claire Juntado was employed as a "Nurse 3 (Psychiatric)," salary grade 20. However, Picker, Hill, McIntyre and Press all held the OMH designated in-house title of "Clinical Risk Management Specialist"; Dispenza held the in-house title of "Clinical Risk Manager"; Shepard, Davidson, Owen, Busch and Goldbach each held the in-house title of "Risk Management Specialist"; and Gibson and Juntado each held the in-house title of "Risk Manager," all of which have been collectively referred to throughout the instant litigation as "Quality of Care Risk Managers."

dards and specifications and grade levels (see Civil Service Law § 61).

OMH denied the grievances and, following unsuccessful administrative appeals to respondent Governor's Office of Employee Relations (hereinafter GOER), petitioner commenced this CPLR article 78 proceeding asserting that GOER's determination was arbitrary, capricious and irrational. Supreme Court dismissed the petition and this appeal ensued.

In reviewing out-of-title work grievances, our inquiry distills to "whether the new duties are appropriate to petitioners' titles and/or are similar in nature to, or a reasonable outgrowth of, the duties listed in petitioners' job specifications" (Matter of Haubert v Governor's Off. of Empl. Relations, 284 AD2d 879, 880 [2001]; see Matter of Woodward v Governor's Off. of Empl. Relations, 279 AD2d 725, 726 [2001]). The review is limited, however, to determining "whether the record as a whole provides a rational basis for the determination denying petitioner's out-of-title work grievance[s]" and, unless the determination is " 'wholly arbitrary or without any rational basis,' " it will not be disturbed (Matter of Curtiss v Angello, 269 AD2d 675, 675 [2000], quoting Matter of Scala v Gambino, 204 AD2d 933 [1994]). Applying these precepts to the record herein, we find that Supreme Court properly dismissed the petition.

Here, with some variations, the duties encompassed in the "in-house" Quality of Care Risk Manager positions at each of the facilities involved risk management and quality assurance and performance improvement functions, primarily with regard to patient-related incidents. In this capacity, the affected employees review incident reports and related documents, interview patients and staff, question potential targets of discipline and prepare reports in order to improve the facilities' performance.

There is no dispute that these risk management and quality assessment functions are not explicitly set forth in their respective civil service classification standards. However, the affidavit of the Director of DCC notes that commitment to the quality of patient care is a universal function of all OMH employees. Furthermore, a review of the civil service titles at issue demonstrates that the affected employees are highly skilled and experienced. In these titles, they are required to perform clinical, administrative and/or supervisory functions to maintain the overall appropriate patient-related care and staff performance in accordance with applicable standards and procedures. In our view, the record provides a rational basis to support the determination that the risk management and quality assurance

duties assigned to the affected employees are a logical extension of those duties listed in their respective civil service job titles and, therefore, do not constitute out-of-title work.

Petitioner also contends that it was arbitrary and capricious and in violation of Civil Service Law § 118 to permit OMH to create the new in-house title "Quality of Care Risk Manager." We disagree. The affidavit of the Director of DCC establishes that it was an acceptable practice for agencies to describe a given assignment within a classified job title through the use of an unofficial, in-house position. Inasmuch as the affected employees were not performing out-of-title work, and those duties were not exclusively identified with any classified job title, the record provides a rational basis to support GOER's determination denying petitioner's grievances on that basis. Accordingly, Supreme Court's dismissal of the petition will not be disturbed.

Mercure, Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.