■ In the Matter of KATHLEEN WOJTYLAK, Appellant, v GOVERNOR'S OFFICE OF EMPLOYEE RELATIONS et al., Respondents.—Mikoll, J. Appeal from a judgment of the Supreme court (Prior, Jr., J.), entered May 5, 1989 in Albany County,

which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Director of the Governor's Office of Employee Relations denying petitioner's request for compensation for out-of-title work.

Petitioner seeks to review a determination of respondent Director of the Governor's Office of Employee Relations (hereinafter the Director) which denied her grievance filed pursuant to the collective bargaining agreement between the Public Employees Federation (hereinafter PEF) and the State. Petitioner contends that she, a supervising dietician, grade 17, was arbitrarily and erroneously denied compensation at a higher rate of pay for a 60-day period of time in which she performed the duties of her immediate supervisor, an institution food administrator, grade 20, while that individual was recovering from surgery.

Petitioner works as a supervising dietician at the Buffalo Psychiatric Center (hereinafter Center) and is represented by PEF. Petitioner initially filed a grievance pursuant to the agreement between the State and PEF seeking compensation at the grade 20 salary level for the time she served in her supervisor's capacity. The basis for the grievance was that this service constituted out-of-title work prohibited by article 17 of the agreement. The grievance was sustained at step 2 by the Bureau of Employee Relations of respondent Office of Mental Health (hereinafter OMH). OMH held that since the substitution for petitioner's supervisor was not on an emergency basis, it constituted out-of-title work.

Because petitioner was required to appeal through step 3 in order to obtain remuneration for the out-of-title work, she submitted the grievance to respondent Governor's Office of Employee Relations for implementation of the remedy sought. Thereafter, a designee of the Director denied the grievance on the basis that petitioner's assignment did not constitute out-of-title work since it was short-term coverage for her immediate supervisor and since petitioner did not perform the full range of duties of such assignment. Petitioner then commenced this proceeding seeking to annul the Director's determination. Supreme Court found that the determination was reasonable, rational and consistent with law and, accordingly, denied the petition. This appeal ensued.

We conclude that the Director's determination that petitioner was not performing out-of-title work has a rational basis. A review of the record indicates that petitioner's assign-

ment was unusual and temporary, rather than one recurring regularly. There was a legitimate reason for the assignment, i.e., her supervisor's surgery. A comparison of the title specifications of both jobs indicates that they are similar and related. They are both supervisory in nature and involve the operational aspects of delivering balanced meals to the Center's residents. As it was noted in the Director's determination, petitioner's coverage of her supervisor's position was a "reasonable extension of [her] duties and responsibilities" and was therefore not an out-of-title work assignment. Further, petitioner did not perform the full range of her supervisor's duties, which included preparation of the Center's food service budget and involvement in other policy-making functions of higher positions. The judgment of Supreme Court should therefore be affirmed.

Judgment affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.