■ In the Matter of NANCY STEEN et al., Appellants, v GOVERNOR'S OFFICE OF EMPLOYEE RELATIONS et al., Respondents. [705 NYS2d 728] —Mugglin, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered September 20, 1999 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Governor's Office of Employee Relations denying petitioners' out-of-title grievances.

Petitioners are employed by the State Office of Mental Health

at Pilgrim Psychiatric Center (hereinafter Pilgrim) in the positions of Recreation Worker (grade 14), Recreation Therapist (grade 14) or Senior Recreation Therapist (grade 17). In June 1997, Pilgrim instituted a new program known as the "Buffalo Model" designed to enhance the planning process of inpatient care. In this program, petitioners were given an in-house designation of "Treatment Plan Coordinators" and were assigned a specific number of patients. As Treatment Plan Coordinators, each petitioner was responsible for transcribing information from the patient's chart to a treatment plan worksheet and also interviewing each patient and entering the information from the interview in the second section of the worksheet. Thereafter, the treatment team met and developed the treatment plan. Petitioners were then required to conduct a review with respect to each patient after 90 days to evaluate the progress of each patient with respect to the goals and objectives in the plan devised from the worksheets. Asserting that these duties were within the job title of a Treatment Team Leader (grade 25) and that they constituted out-of-title work, petitioners filed administrative grievances which were denied at every level. After respondent Governor's Office of Employee Relations upheld the denial of the grievances, petitioners commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition finding that petitioners had not demonstrated that the administrative determination was arbitrary, capricious or irrational. Petitioners appeal.

Here, petitioners repeat the same arguments made at each administrative level and before Supreme Court. First, petitioners contend that the responsibility of gathering the information for the worksheets is tantamount to drafting the actual treatment plan, which constitutes out-of-title work as it demands that they do the work of a Treatment Team Leader for which they are not qualified. Second, petitioners assert that the creation of the in-house title "Treatment Plan Coordinators" is merely a subterfuge by which Pilgrim assigned out-of-title work to them. It is now well settled that "[a]dministrative determinations concerning position classifications are * * * subject to only limited judicial review, and will not be disturbed in the absence of a showing that they are wholly arbitrary or without any rational basis" (*Cove v Sise*, 71 NY2d 910, 912).

We believe that this record lacks any rational basis upon which to conclude that petitioners are not doing out-of-title work. A comparison of petitioners' duties with the duties of a Treatment Team Leader is inapposite. An employee need not be assigned the full range of duties of a higher salary grade to

be performing out-of-title work (see, Matter of Collins v Governor's Off. of Empl. Relations, 211 AD2d 1001; Matter of Kuppinger v Governor's Off. of Empl. Relations, 203 AD2d 664). The focus of the review should have been whether the duties are appropriate to petitioners' titles. In the administrative review process, the reviewing officer recognized that "the duties at issue are not contained verbatim in the classification standard" but concluded they were "a logical extension of the responsibility of professional or para-professional members of the treatment team". There is no support for this conclusion in the record, making it a determination without a rational basis. A review of a patient's entire chart containing information from each discipline represented by the team and the interview of the patient is simply not a logical extension of petitioners' responsibilities to fill out forms and reports concerning patients in their recreational programs.

Mercure, J. P., Crew III, Peters, Spain and Mugglin, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, determination annulled and petition granted.