■ In the Matter of RUTH A. HAUBERT et al., Appellants, v GOVERNOR'S OFFICE OF EMPLOYEE RELATIONS et al., Respondents. [727 NYS2d 532] —Carpinello, J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered June 13, 2000 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Governor's Office of Employee Relations denying petitioners' out-of-title work grievance.

Petitioners include seven current and former employees (hereinafter collectively referred to as petitioners) of respondent Department of Health (hereinafter DOH) who were employed in various grade 19, 20 or 22 specialized clinician positions which required them to perform surveys of long-term health care facilities to ensure compliance with Federal and State laws, rules and regulations. The surveys were conducted in teams under the supervision of a grade 24 consultant nurse, who acted as team coordinator. In or about November 1996, DOH changed the survey process to require that each member of a survey team serve on a rotational basis as a team facilitator, responsible for monitoring the team's progress to ensure timely and appropriate completion of the survey process. The

team facilitator also remained responsible for his or her own portion of the survey. Claiming that the new role of team facilitator required them to perform out-of-title work, petitioners pursued the grievance procedure established by the relevant collective bargaining agreement and, when the grievance was ultimately denied, petitioners and their union president commenced this CPLR article 78 proceeding to review its denial. Supreme Court dismissed the petition, prompting this appeal.

"The relevant standard of review is whether the record as a whole provides a rational basis for the determination denying petitioner[s'] out-of-title work grievance * * * [and t]he determination will not be disturbed unless it is 'wholly arbitrary or without any rational basis'" (*Matter of Curtiss v Angello*, 269 AD2d 675, quoting *Matter of Scala v Gambino*, 204 AD2d 933, 934 [citation omitted]). Not all additional duties constitute out-of-title work but, instead, the question is whether the new duties are appropriate to petitioners' titles and/or are similar in nature to, or a reasonable outgrowth of, the duties listed in petitioners' job specifications (*see, Matter of Woodward v Governor's Off. of Empl. Relations*, 279 AD2d 725, 726). Applying these general principles to the determination of respondent Governor's Office of Employee Relations (hereinafter respondent), we conclude that Supreme Court's judgment dismissing the petition must be affirmed.

Based upon the team concept of the survey work, which required coordination and cooperation among all team members, and the high level of expertise required of petitioners in order to qualify for their titles, respondent rationally concluded that the obligation of a team facilitator to monitor the team's progress to ensure that the team accomplished its mission in a timely fashion is appropriate to petitioners' titles and/or constitutes a logical extension of their duties. With regard to petitioners' claims that the team facilitator performed supervisory tasks, respondent accepted the explanation of DOH that overall responsibility for administrative and supervisory oversight of the team remained vested in the consultant nurse, in his or her capacity as team coordinator, to whom the facilitator reported on a daily basis. According to DOH, the facilitator monitored the team's progress while the consultant nurse supervised, directed and evaluated the performance of all members of the survey team. Although there were occasions when the facilitators found supervisory direction unavailable or unsatisfactory, respondent concluded that these were issues to be addressed by DOH at the management level. In these cir-

cumstances, there is a rational basis for respondent's determination denying the grievance.

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.