In the Matter of STUART SPRAGUE et al., Respondents, v GOVERNOR'S OFFICE OF EMPLOYEE RELATIONS et al., Appellants. [786 NYS2d 634]—

Kane, J. Appeal from a judgment of the Supreme Court (Lamont, J.), entered July 29, 2003 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Governor's Office of Employee Relations denying petitioner Stuart Sprague's out-of-title work grievance.

Petitioner Stuart Sprague is employed by respondent Department of Transportation (hereinafter DOT) as a Civil Engineer I (hereinafter CE I). As a result of the retirement of his supervisor, a Transportation Maintenance Engineer II (hereinafter TME II), Sprague was directed to perform the duties of that position. He did so, without a concomitant increase in pay to compensate him for performing those duties, from September 26, 2002 until November 21, 2002, when DOT formally appointed someone else to the TME II title. Although DOT apparently had substantial time to plan to fill the TME II position on a temporary basis, there is no proof that during that time DOT made any effort to assign a management employee of equal or higher grade to cover the managerial duties of the vacant position on a part-time or temporary basis, or undertook any other actions which would have relieved the lower-grade employee of the burden of such duties.

Sprague thereafter filed a grievance with DOT, alleging that his performance of all of the duties of a higher grade employee for a continuous 56-day period violated article 17 of the collective bargaining agreement and Civil Service Law § 61 (2), and he should therefore be compensated for the difference in salary between the CE I position (salary grade 20) and the TME II position (salary grade M-3). Although DOT acknowledged that Sprague performed the typical activities and tasks of a TME II during this entire period, it denied his grievance, finding that because this was a temporary assignment of 56 days it did not constitute out-of-title work. This determination was affirmed by respondent Governor's Office of Employee Relations (hereinafter GOER). Petitioners thereafter commenced this proceeding challenging GOER's determination. Supreme Court granted the petition and ordered that the matter be remitted to GOER to determine an appropriate award of back pay. Respondents appeal.

Civil Service Law § 61 (2) prohibits an employee from performing out-of-title work, "other than that performed on an emergency basis" (*Matter of Woodward v Governor's Off. of Empl. Relations*, 279 AD2d 725, 726 [2001]). Despite the statute's unqualified prohibition against nonemergency out-of-title work, case law has made the standard somewhat more flexible based on practicality. This Court has held that out-of-title work occurs "when an employee has been assigned . . . to perform the duties of a higher grade, without a concomitant increase in pay, frequently, recurrently and for long periods of time" (*Matter of Caruso v Mayor of Vil. of S. Glens Falls*, 278 AD2d 608, 609 [2000]; *accord Matter of Gajewski v Angello*, 301 AD2d 721, 721-722 [2003]). Thus, this Court has permitted a review of relevant facts on a case-by-case basis, balancing the protection of employees' rights with the realities of workplace absences and vacancies. Apparently based on that allowance for flexibility and this Court's decision in *Matter of Wojtylak v Governor's Off. of Empl. Relations* (161 AD2d 1097 [1990]), respondents have established a policy that permits, as not constituting out-of-title work, assigning a lower-grade employee to temporarily assume the duties of his or her supervisor for a period of less than two months. Although, under the circumstances in *Wojtylak*, the grievant was found not to have been entitled to compensation for out-of-title work while filling in for her supervisor for 60 days, that case did not establish a bright line test; 60 days is not a magic number. The decision in that case also rested on the facts that the grievant's position was similar to that of her supervisor, she did not perform the full range of her supervisor's duties and the duties she performed

were a reasonable extension of duties within her title. Here, although this was not a routine weekly or monthly assignment of an employee to a higher position (*cf. Matter of Kuppinger v Governor's Off. of Empl. Relations*, 203 AD2d 664 [1994]), but a one-time assignment to perform the duties of a retired supervisor for 56 continuous days, respondents were required to look at more than merely the number of days that Sprague performed the duties of a TME II when considering his grievance.

Aside from the time period, respondents should also have considered the extent of the assigned duties compared to the grievant's customary duties. Although Sprague's title required some supervision of other employees, a TME II has much greater responsibilities, as evidenced by the fact that a TME II is a managerial position with an annual salary approximately $33,000 higher than that of a CE I (*compare Matter of Caruso v Mayor of Vil. of S. Glens Falls, supra* at 609). The person fulfilling the duties of the TME II position oversees the entire residency staff, represents DOT in interactions with local officials, establishes quality control requirements and programs, hires and evaluates personnel and performs other duties beyond those of a CE I. Thus, as Sprague was performing these duties, which are not a reasonable extension of duties within his title, and he performed them regularly for an extended period of time, it appears that he was performing out-of-title work and the administrative determination denying his grievance was without a rational basis (*see Matter of Loehr v Governor's Off. of Empl. Relations*, 3 AD3d 653, 654 [2004]).

Finally, for the same reasons, we reject respondents' argument that Sprague was not performing out-of-title work in that the duties he performed while filling in as a TME II did not constitute that position's full range of duties and were not substantially greater than those of his own title (*see Matter of Woodward v Governor's Off. of Empl. Relations, supra* at 726; *Matter of Steen v Governor's Off. of Empl. Relations*, 271 AD2d 738, 740 [2000]).

Spain, J.P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.