■ In the Matter of JUDY M. CUSHING et al., Appellants, v GOVERNOR'S OFFICE OF EMPLOYEE RELATIONS et al., Respondents. [872 NYS2d 593]—

Malone Jr., J. Appeal from a judgment of the Supreme Court (Cahill, J.), entered January 22, 2008 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Governor's Office of Employee Relations denying petitioner Judy M. Cushing's out-of-title work grievance.

For approximately 35 years, petitioner Judy M. Cushing has been employed as a nurse by respondent New York State Office of Mental Health (hereinafter OMH) at the Hudson River Psychiatric Center in Dutchess County. During the past 30 years, she has worked the midnight shift. At various times in 2006, Cushing was directed by OMH to fill in for her supervisor when he was absent. Cushing's job is classified as a "Nurse 2 (Psychiatric)" (hereinafter N2) and carries a grade 16 salary, while her supervisor's job is classified as a "Nurse Administrator I" (hereinafter NA1) and carries a grade 20 salary.

As a result of her reassignments, Cushing filed a contract grievance claiming that she was compelled to perform out-of-title work on 34 occasions between January and June 2006. OMH initially sustained the grievance, but its decision was subsequently overruled by respondent Governor's Office of Employee Relations (hereinafter GOER) and the grievance was

denied. In response, Cushing and the president of the union representing her job title commenced this CPLR article 78 proceeding seeking annulment of GOER's determination. Following joinder of issue, Supreme Court dismissed the petition and this appeal by petitioners ensued.

Preliminarily, we note that Civil Service Law § 61 (2) prohibits state agencies from assigning out-of-title work to state employees on a nonemergency basis (*see Matter of Rausch v Pellegrini*, 237 AD2d 771, 772 [1997]). In determining if this prohibition has been violated, courts have looked at the similarities between the duties assigned and those customarily performed by the employee, the extent to which the employee exercised the full range of duties of the higher level position, and whether the duties actually performed could be characterized as a reasonable extension of the employee's in-title duties (*see Matter of Sprague v Governor's Off. of Empl. Relations*, 13 AD3d 849, 850-851 [2004]; *Matter of Woodward v Governor's Off. of Empl. Relations*, 279 AD2d 725, 726 [2001]; *Matter of Wojtylak v Governor's Off. of Empl. Relations*, 161 AD2d 1097, 1099 [1990]). Significantly, an employee's performance of overlapping functions of an absent supervisor has not been found to establish a violation of Civil Service Law § 61 (2) where such functions were " 'substantially similar' to those detailed in his [or her] job description" (*Matter of Woodward v Governor's Off. of Empl. Relations*, 279 AD2d at 726, quoting *Matter of Gorelick v Governor's Off. of Empl. Relations*, 227 AD2d 858, 859 [1996]).

In the case at hand, GOER reviewed the duties described in the N2 job classification standard noting that, when a NA1 is not on duty, a N2 is "capable of assigning duties to staff in order to provide adequate coverage; making clinical rounds on wards to assess nursing care needs; evaluating work performance of subordinates; communicating daily nursing needs to appropriate supervisors; accounting for the issuance of controlled drugs and narcotics; and conducting performance evaluations." Indeed, it observed that such duties are appropriate when a N2 is functioning as "a unit supervisor on the evening and night shifts" or when "in charge of nursing for an entire small facility on the evening and night shifts," as specifically provided for in the N2 job classification standard. GOER compared the above duties with the tasks that OMH found Cushing actually performed when her supervisor was absent, which included overall responsibility for the facility as well as "midnight shift scheduling and assignment of staff, ground supervision and other clinical/administrative responsibilities." GOER also reviewed the NA1 job classification standard and

noted that it enumerated many duties that Cushing did not perform, namely, " 'implementing facility nursing policies and standards; establishing goals and objectives for [the] units; maintaining standards of nursing care and effective relationships with other departments; developing plans of nursing intervention and supervis[ing] subordinates in developing such plans; supervising discharge planning activities; and . . . responsib[ility] for staff orientation.' " After taking the foregoing considerations into account, GOER concluded that Cushing was not required to perform out-of-title work.

Judicial review of GOER's determination in this context is limited to whether it is arbitrary, capricious or without any rational basis (*see Matter of Woodward v Governor's Off. of Empl. Relations,* 279 AD2d at 726-727). Given the similarities between the duties performed by Cushing while substituting for her supervisor and those enumerated in the N2 job classification standard, as well as the absence of compelling evidence establishing that she performed distinctive aspects of the NA1 job title that differentiated it from the N2 job title, we find no basis for disturbing GOER's determination. Accordingly, Supreme Court properly dismissed the petition.

Mercure, J.P., Spain and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.