■ In the Matter of KENNETH BRYNIEN, as President of the New York State Public Employees Federation, AFL-CIO, Appellant, v GOVERNOR'S OFFICE OF EMPLOYEE RELATIONS et al., Respondents. (And Another Related Proceeding.) [912 NYS2d 794]—

Spain, J. Appeal from a judgment of the Supreme Court (Devine, J.), entered September 3, 2009 in Albany County, which dismissed petitioner's applications, in two proceedings pursuant to CPLR article 78, to review determinations of respondent Governor's Office of Employee Relations denying petitioner's out-of-title work grievances.

Petitioner, president of the certified bargaining unit representing the five affected state employees named herein as respondents, filed out-of-title grievances with their employer, respondent Office of Mental Health (hereinafter OMH), challenging the full-time assignments of the employees to perform duties at two OMH facilities where they were employed. The

employees hold civil service positions classified as Head Recreation Therapist (hereinafter HRT) (Andrew Spacone) and Nurse 2 (Denise Moeller) at the Western New York Children's Psychiatric Center (hereinafter Western Center), and Social Worker 1 (Antonia Guzman and Jorge Santiago) and Rehabilitation Counselor 2 (Elizabeth Hemingway) at the Bronx Psychiatric Center (hereinafter Bronx Center), in grades ranging from 16 to 20. The employees were all at various times also designated under the "in-house" unofficial title of "Acting Treatment Team Leader." The out-of-title grievances alleged that the employees had been improperly assigned to perform and had been performing the duties of a Treatment Team Leader (hereinafter TTL), a title with a grade (M-1) and responsibilities in excess of the employees' current civil service title standards. Petitioner argued that this violated the collective bargaining agreement.

OMH denied the grievances, finding the employees were not performing out-of-title work at the supervisory level of a TTL, and were performing duties appropriate to their respective titles. After unsuccessful administrative appeals to respondent Governor's Office of Employee Relations (hereinafter GOER), petitioner commenced the two instant CPLR article 78 proceedings. Supreme Court dismissed both petitions, in a well-reasoned written decision. On petitioner's appeal, we affirm for reasons stated in that decision.

"Out-of-title work, other than that performed on an emergency basis, is prohibited by Civil Service Law § 61 (2)" and by article 17 of the governing collective bargaining agreement (*Matter of Woodward v Governor's Off. of Empl. Relations*, 279 AD2d 725, 726 [2001] [citations omitted]; *see Matter of Cushing v Governor's Off. of Empl. Relations*, 58 AD3d 1095, 1096 [2009]). Our review of out-of-title work grievances focuses on "whether the new duties are appropriate to [the affected employees' job] titles and/or are similar in nature to, or a reasonable outgrowth of, the duties listed in [their respective] job specifications" (*Matter of Haubert v Governor's Off. of Empl. Relations*, 284 AD2d 879, 880 [2001]; *accord Matter of Brynien v Governor's Off. of Empl. Relations*, 71 AD3d 1275, 1277 [2010]). "Judicial review of GOER's determination in this context is limited to whether it is arbitrary, capricious or without any rational basis" (*Matter of Cushing v Governor's Off. of Empl. Relations*, 58 AD3d at 1097 [citation omitted]). Applying these principles to this record, we find that Supreme Court properly dismissed the petitions.

With regard to the Western Center employees, a comparison of their classification standards (HRT and Nurse 2) with the grieved duties demonstrates that the duties they were actually

performing were rationally "characterized as a reasonable extension of the employee[s'] in-title duties" (*id*. at 1096). HRTs are responsible for training, supervising and evaluating staff involved in all recreation therapy and related activity programs at OMH facilities, including duties related to performance standards, policy development, budgets, program implementation and holding staff meetings. Nurse 2s, a supervisory-level RN title, provide the full range of front-line supervision for nursing staff, aides and counselors and may function as a unit supervisor, or be in charge of nursing at small facilities. TTLs have program and administrative responsibility in OMH facilities to supervise interdisciplinary treatment teams consisting of professional and clinical specialists, some of whom may be trained in disciplines other than that of the TTL.

As GOER rationally concluded, assigning these employees the duties at this particular facility to supervise clinicians, to direct patient care staff on interdisciplinary treatment teams and to coordinate the implementation of patient treatment programs was appropriate and did not constitute out-of-title work. "[T]he mere fact that there may be some overlap between two particular positions does not mandate a finding that [an employee] is being compelled to perform out-of-title work" (*Matter of Woodward v Governor's Off. of Empl. Relations*, 279 AD2d at 726). In so concluding, GOER reasonably relied on the documented preclusive fact that neither employee met the minimum requirements specified for classification as a TTL. The organizational model of Western Center is a "combined residential and community service team," for which the TTL job classification requires supervision of a minimum of 35 clinical staff in a residential unit serving at least 48 inpatients. The proof submitted by OMH established that neither Spacone nor Moeller supervised that minimum number of staff employees as part of their grieved duties and neither of their units serviced[1] 48 beds; thus, both fell short of the requirements under the TTL title.

At the Bronx Center, Guzman and Santiago held the job title of Social Worker 1, where they served as clinicians and interdisciplinary treatment team members. Hemingway held the job of Rehabilitation Counselor 2, a supervisory-level title. GOER likewise concluded that their supervision of staff outside of their area of expertise at this particular facility was a reasonable extension of their in-title duties. It was rationally determined to be dispositive that none of these employees

---

1. The proof was that Spacone supervised 29 staff members and Moeller supervised 31.8, and there were only 12 beds in Spacone's unit and 16 in Moeller's unit.

supervised the minimum number (35) of employees required to be classified as a TTL at Bronx Center, a residential and community service facility.[2]

While "[a]n employee need not be assigned the full range of duties of a higher salary grade to be performing out-of-title work" (*Matter of Steen v Governor's Off. of Empl. Relations*, 271 AD2d 738, 739-740 [2000]), the dispositive inquiry is whether GOER rationally concluded that the affected employees did not meet the minimum baseline requirements of TTLs such that the grieved duties are appropriate to their job titles and are similar in nature to, or a reasonable outgrowth of, the duties listed in their job specifications (*see Matter of Brynien v Governor's Off. of Empl. Relations*, 71 AD3d at 1277; *Matter of Cushing v Governor's Off. of Empl. Relations*, 58 AD3d at 1096; *Matter of Haubert v Governor's Off. of Empl. Relations*, 284 AD2d at 880). Answering that inquiry in the affirmative, we affirm.

Cardona, P.J., Peters, Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.

---

**2.** GOER found that Guzman and Santiago each supervised seven clinical staff, while Hemingway supervised five clinicians and direct care staff.