██ In the Matter of CITY OF SARATOGA SPRINGS, Respondent, v CITY OF SARATOGA SPRINGS CIVIL SERVICE COMMISSION, Appellant. [935 NYS2d 677]—

Spain, J.

By June 2010, no building inspector had yet been appointed and, in response to a request from the mayor, respondent reclassified the position of building inspector and changed the title of that position to zoning and building inspector (hereinafter ZBI). Shortly thereafter, responding to the mayor's failure to fill the building inspector position or the newly classified ZBI position, respondent unilaterally reversed its earlier action and abolished the ZBI title. Respondent also removed the mayor's power to assign ABIs the authority to issue building permits and limited the ABI's authority to assume the duties of the building inspector to a temporary basis, not to exceed three months in duration.

Petitioner subsequently instituted this combined proceeding pursuant to CPLR article 78 and action for declaratory judgment seeking to annul the changes that respondent made to the positions of ZBI and ABI. Respondent answered and counterclaimed, asserting that petitioner had violated Civil Service Law § 61 (2) by requiring ABIs to perform the functions of the building inspector and seeking a permanent injunction preventing petitioner from having ABIs perform out-of-title work. Supreme Court determined that, while respondent did not technically reclassify the positions of ABI or ZBI, its actions nonetheless should be annulled because they were taken without providing

notice to the appointing authority—the mayor—and the incumbent ABIs. The court also dismissed respondent's counterclaim, finding that petitioner acted within its authority in having ABIs perform the functions of the building inspector and that respondent nonetheless lacked standing to assert a violation of Civil Service Law § 61 (2). Respondent appeals, and we affirm.

Initially, contrary to respondent's assertions, we find that lack of appropriate notice was asserted in the petition and, thus, properly addressed by Supreme Court. We also reject respondent's assertion that the changes it made to the ZBI and ABI positions were not subject to the notice provisions applicable to classifications and reclassifications of positions, because those actions do not meet the definition of "reclassifications" provided in petitioner's civil service rules (Municipal Civil Service Rules for City of Saratoga rule XXIII [1], [6]).* We agree with Supreme Court that, regardless of the appropriate nomenclature, the material changes that respondent made to these positions required notice. Indeed, the rules provide that respondent "shall give reasonable notice of any proposal or application for a *change in classification* to the appointing officer and to the employee or employees affected thereby" (Municipal Civil Service Rules for City of Saratoga rule XXIII [6] [emphasis added]). Rule XXIII (4), entitled "Classification of new positions," describes the process by which a new position is created and its duties described, such as when respondent unanimously voted to approve a motion to "classify" the position of ZBI in June 2010. Accordingly, when respondent then decided to eliminate that position, we find that constituted a "change in classification" requiring notice. Likewise, the significant changes made to the job descriptions of the ABIs, despite the fact that they do not neatly fit within the definition of a "reclassification" provided in rule XXIII (1), nevertheless required advance notice. Indeed, rule XXIII (5), entitled "Reclassification," discusses the process to be used "whenever a permanent and material change is made in the duties and responsibilities of any position." Accordingly, we cannot accept respondent's assertion that the notice provisions are applicable only when a position is moved from one class to another, as opposed to where, as here, the duties of a position are materially changed. As notice was not given in accordance with petitioner's civil service rules, Supreme Court properly granted the petition and annulled respondent's actions

---

* The rules provide, "Reclassification means the re-allocation of a position from one class to another because of a permanent and material change of the duties of that position."

in abolishing the ZBI position and revising the ABI job specifications.

We also uphold Supreme Court's dismissal of respondent's counterclaim challenging the mayor's April 2, 2010 directive assigning petitioner's ABIs the duties of the building inspector. First, contrary to respondent's contentions, Supreme Court did not act prematurely in dismissing the counterclaim; although petitioner did not serve a reply specific to the counterclaim, its reply papers fully addressed the merits of the counterclaim, and a review of the pleadings reveals that both parties "laid bare their proof and deliberately charted a summary judgment course" (*Yule v New York Chiropractic Coll.*, 43 AD3d 540, 541-542 [2007]). Next, we find that the challenge is timely as the asserted violation of Civil Service Law § 61 (2) is a continuing violation (*see Matter of Askew v New York City Dept. of Envtl. Protection*, 24 AD3d 544, 545 [2005], *lv denied* 7 NY3d 702 [2006]). Further, respondent has standing, pursuant to Civil Service Law § 102 (3), to bring "an action . . . to enjoin any violation of the civil service law." Accordingly, we turn to the merits.

A violation of the out-of-title work prohibition of Civil Service Law § 61 (2) exists when "an employee has been assigned to perform the duties of a higher grade, without a concomitant increase in pay, frequently, recurrently and for long periods of time" (*Matter of Sprague v Governor's Off. of Empl. Relations*, 13 AD3d 849, 850 [2004] [internal quotations and citation omitted]; *see Matter of Brynien v Governor's Off. of Empl. Relations*, 79 AD3d 1435, 1436 [2010]). However, "[n]ot all additional duties constitute out-of-title work but, instead, the question is whether the new duties are appropriate to [the employee's] title[ ] and/or are similar in nature to, or a reasonable outgrowth of, the duties listed in [the employee's] job specifications" (*Matter of Haubert v Governor's Off. of Empl. Relations*, 284 AD2d 879, 880 [2001]; *see Matter of Brynien v Governor's Off. of Empl. Relations*, 79 AD3d at 1436). "Significantly, an employee's performance of overlapping functions of an absent supervisor has not been found to establish a violation of Civil Service Law § 61 (2) where such functions were substantially similar to those detailed in his or her job description" (*Matter of Cushing v Governor's Off. of Empl. Relations*, 58 AD3d 1095, 1096 [2009] [internal quotations and citations omitted]).

Here, we find that, at the time this matter was commenced, no violation of Civil Service Law § 61 (2) had occurred. Pursuant to petitioner's zoning ordinance, the mayor has the authority to appoint building inspectors and ABIs on a temporary or

permanent basis and "shall have authority to designate which of such additional inspectors shall act in the place of the [b]uilding [i]nspector when the [b]uilding [i]nspector is absent or unavailable" (City of Saratoga Springs Zoning Ordinance art XIII § 240.13.3 [A]). When the probationary building inspector was dismissed in April 2010, the mayor delegated the authority of the building inspector to the two ABIs. A review of the duties of the building inspector and an ABI reveals that they are substantially similar, and respondent has proffered no evidence that the ABIs have been performing specific duties that are distinct from the ABI job specifications (*see Matter of Cushing v Governor's Off. of Empl. Relations*, 58 AD3d at 1096). Indeed, two weeks after the mayor delegated the building inspector responsibilities to the ABIs, respondent amended the job specification for ABIs to allow them to sign and issue building permits when ordered to do so by the mayor. Further, the job description for ABIs specifically states that the ABI "assumes the responsibility [of] the [b]uilding [i]nspector in his absence," and the ABIs have apparently shared any additional responsibilities flowing from the mayor's directive without objection. Under these circumstances, we conclude that Supreme Court did not err in dismissing respondent's counterclaim (*see Matter of Brynien v Governor's Off. of Empl. Relations*, 79 AD3d at 1438; *Matter of Cushing v Governor's Off. of Empl. Relations*, 58 AD3d at 1096; *Matter of Haubert v Governor's Off. of Empl. Relations*, 284 AD2d at 880; *cf. Matter of Sprague v Governor's Off. of Empl. Relations*, 13 AD3d at 850-851).

Mercure, A.P.J., Peters, Rose and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, without costs.

