*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 26, 2015                518904
_____

In the Matter of NEW YORK
    STATE CORRECTIONAL OFFICERS
    AND POLICE BENEVOLENT
    ASSOCIATION, INC., et al.,
                    Appellants,
        v                                   MEMORANDUM AND ORDER

GOVERNOR'S OFFICE OF EMPLOYEE
    RELATIONS et al.,
                    Respondents.
_____

Calendar Date:  January 9, 2015

Before:  McCarthy, J.P., Rose, Egan Jr. and Devine, JJ.;
         Clark, J., vouched in.

                    _____


        Sheehan Greene Golderman & Jacques LLP, Albany (Erin N.
Parker of counsel), for appellants.

        Eric T. Schneiderman, Attorney General, Albany (Laura
Etlinger of counsel), for respondents.

                    _____


McCarthy, J.P.

        Appeal from a judgment of the Supreme Court (McGrath, J.),
entered July 3, 2013 in Albany County, which dismissed
petitioners' application, in a proceeding pursuant to CPLR
article 78, to review a determination of respondent Governor's
Office of Employee Relations denying petitioner Thomas Tierney's
out-of-title work grievance.

        Petitioner Thomas Tierney is employed by respondent Office
of Mental Health (hereinafter OMH) as a Safety and Security

Officer 2 (hereinafter SSO 2) – a salary grade 15 position – and, at all times relevant to this proceeding, was represented by petitioner New York State Correctional Officers and Police Benevolent Association, Inc. (hereinafter NYSCOPBA) – the certified collective bargaining representative for the Security Services Unit of state employees. In June 2011, the Chief Safety and Security Officer (hereinafter CSSO) assigned to Hudson River Psychiatric Center in Dutchess County – where Tierney then was working as an SSO 2 – transferred to another facility. As a result, Tierney was advised that he would be fulfilling the duties of the CSSO and would be serving as the "Acting Chief" at that facility.[1] According to Tierney, he thereafter performed the duties ordinarily assigned to the CSSO until the facility closed in January 2012.

In the interim, Tierney filed an out-of-title work grievance in August 2011 seeking additional compensation for the duties he performed in his capacity as the facility's CSSO – a salary grade 20 position. As the step 1 review process customarily is conducted by the CSSO in question, this portion of the grievance process was bypassed in order to avoid having Tierney review his own grievance. OMH thereafter conducted the step 2 review of the grievance and, in December 2011, sustained Tierney's grievance, finding that, "[a]fter a thorough review of the record, facts, documentation and discussion with facility management, it is [OMH's] determination that the grieved duties are most appropriate to that of a [CSSO]." Ultimately, the grievance proceeded to step 3 review,[2] where respondent Division

---

[1] According to information contained in the record, this unofficial job title is not formally recognized by the Department of Civil Service.

[2] Tierney apparently was required to appeal through step 3 in order to obtain remuneration for the out-of-title work performed and, to that end, OMH referred the grievance to respondent Division of Classification and Compensation of the Department of Civil Service to take appropriate action. NYSCOPBA, noting that such referral was not in accordance with proper procedure, thereafter filed a formal appeal upon Tierney's

of Classification and Compensation of the Department of Civil Service (hereinafter DCC) recommended that respondent Governor's Office of Employee Relations (hereinafter GOER) deny the grievance. GOER adopted that recommendation, and petitioners thereafter commenced this CPLR article 78 proceeding to annul GOER's determination. Supreme Court dismissed petitioners' application, prompting this appeal.

We affirm. Civil Service Law § 61 (2) provides, in relevant part, that "no person shall be assigned to perform the duties of any position unless he [or she] has been duly appointed, promoted, transferred or reinstated to such position in accordance with [the statute] and the rules prescribed thereunder." "An out-of-title work assignment exists when an employee has been assigned or compelled to perform the duties of a higher grade, without a concomitant increase in pay, frequently, recurrently and for long periods of time" (Matter of New York State Corr. Officers & Police Benevolent Assn., Inc. v Governor's Off. of Empl. Relations, 105 AD3d 1192, 1193 [2013] [internal quotation marks and citations omitted]; see Matter of City of Saratoga Springs v City of Saratoga Springs Civ. Serv. Commn., 90 AD3d 1398, 1400 [2011]). An employee is not necessarily performing out-of-title work by fulfilling some overlapping functions of an absent supervisor, if those functions are substantially similar to duties listed in the classification standard for the employee's title (see Matter of New York State Corr. Officers & Police Benevolent Assn., Inc. v Governor's Off. of Empl. Relations, 105 AD3d at 1194; Matter of City of Saratoga Springs v City of Saratoga Springs Civ. Serv. Commn., 90 AD3d at 1400; see also Matter of Woodward v Governor's Off. of Empl. Relations, 279 AD2d 725, 726 [2001]). In determining if the prohibition against out-of-title work has been violated, courts look "at the similarities between the duties assigned and those customarily performed by the employee, the extent to which the employee exercised the full range of duties of the higher level position, and whether the duties actually performed could be characterized as a reasonable extension of the employee's in-title duties" (Matter of Cushing v Governor's Off. of Empl.

behalf.

Relations, 58 AD3d 1095, 1096 [2009]; see Matter of New York State Corr. Officers & Police Benevolent Assn., Inc. v Governor's Off. of Empl. Relations, 105 AD3d at 1194; Matter of Brynien v Governor's Off. of Empl. Relations, 79 AD3d 1435, 1436 [2010]; Matter of Haubert v Governor's Off. of Empl. Relations, 284 AD2d 879, 880 [2001]).

Preliminarily, consistent with the well-settled principle that "[j]udicial review of an administrative determination is limited to the facts and record established before the agency" (Matter of Laughlin v Pierce, 121 AD3d 1249, 1251 [2014]), we have confined our review of the list of tasks performed by Tierney to those set forth in his grievance form and have not considered the expanded list of duties recited in the underlying petition and Tierney's affidavit in support thereof. Although our review of the subject grievance most likely would have been enhanced had either Tierney or NYSCOPBA articulated Tierney's out-of-title work claim with a greater degree of specificity, we must decide this matter based on the record that was before GOER and DCC. Our review is limited to whether that record provides a rational basis for GOER's determination, and whether the determination is arbitrary or capricious (see Matter of New York State Corr. Officers & Police Benevolent Assn., Inc. v Governor's Off. of Empl. Relations, 105 AD3d at 1193; Matter of Cushing v Governor's Off. of Empl. Relations, 58 AD3d at 1097).

Tierney was employed as an SSO 2 and alleged that he was performing the work of a CSSO. On his grievance form, Tierney listed the specific tasks that he performed that he believed constituted out-of-title work, including supervisory responsibilities. The entirety of that list was "[o]verseeing day to day operations, attending committee and sub-committee meetings, compile EOCC reports, overseeing vendors (Simplex & ADT), generating reports, TIMR conference calls, monitor and track overtime and adjust [d]uty [s]chedule to minimize usage[,] . . . direct supervision of all [d]ay [s]hift [o]fficers[,] . . . schedule assignments and ensure completeness." He then listed, apparently as the employees that he supervised, two Safety and Security Officers 1 (hereinafter SSO 1) and one SSO 1 trainee.

The classification standard for an SSO 2 states that employees in that title are the "first supervisory level," responsible for a group of SSO 1s "on an assigned shift in a facility."  SSO 2s are responsible for "[d]irect supervision of all [SSO 1s]," including scheduling and assigning them, providing instruction and training, maintaining time and attendance records, reviewing reports by subordinates, preparing reports and performance appraisals and assisting the CSSO.  SSO 2s are also required to attend certain committee meetings, review facility plans and prepare written reports.  The classification standard notes that SSO 2s "[m]ay be assigned to direct the department in the absence of the [CSSO]."

The classification standard for a CSSO states that employees in that title are responsible for the overall operation of a safety and security department, including "supervision of all safety and security personnel," maintaining equipment and records, and developing and evaluating all policies and procedures.  Some of the illustrative duties include supervising and directing all personnel, reviewing and approving schedules and assignments made by SSO 2s, ensuring maximum coverage with available personnel, preparing annual performance reviews for SSO 2s, developing protocols and education programs, reviewing reports of subordinates, preparing monthly and annual reports, representing the department on committees, being responsible for the budget, materials and the contracts for certain safety systems, and developing, monitoring and evaluating all policies and procedures.  When comparing related classes, the CSSO classification standard notes that SSO 2s are working supervisors responsible for a force of less than 10 SSO 1s or serve as shift supervisors.

In considering the grievance, GOER and DCC compared the grieved duties that Tierney listed on his grievance form with the two classification standards.  Some of the listed duties are appropriate for either title, as both are supervisory positions. These include attending committee meetings, preparing reports and supervising subordinates.  Scheduling of assignments is the responsibility of an SSO 2, with a CSSO responsible for reviewing and approving such work.  An SSO 2 is generally the supervisor on a specific shift, whereas a CSSO is the supervisor for all safety

and security personnel in the department, which would include all shifts. Tierney's grievance form stated that he was responsible for supervising officers on the day shift, and listed the names of three subordinate officers. These duties fall within the typical responsibility of an SSO 2. Tierney did not assert in his grievance form that he was performing all, or even the most distinctive aspects, of the duties of a CSSO. Based on the limited duties listed on Tierney's grievance form, DCC and GOER rationally found that the work he was performing, in the absence of his supervisor, either fell within the duties of an SSO 2 or were a reasonable and logical outgrowth of those duties (see Matter of New York State Corr. Officers & Police Benevolent Assn., Inc. v Governor's Off. of Empl. Relations, 105 AD3d at 1196-1197; Matter of Cushing v Governor's Off. of Empl. Relations, 58 AD3d at 1097).

The dissent is persuaded by and relies upon the step 2 determination by OMH finding that Tierney's grievance should be granted. OMH did not dispute that Tierney was performing the duties that he asserted. OMH then stated, in a conclusory fashion, that it found the grieved duties most appropriate to the CSSO title, after reviewing the record, facts and documents and a discussion with facility staff. DCC and GOER also did not dispute that Tierney performed the grieved duties, but reached a different legal conclusion. It is unclear if OMH performed the comparison of the grieved duties to the two classification standards, as DCC did. Rather than deferring to OMH, as the dissent does, we should defer to DCC and GOER, the agencies or offices that are responsible for regularly making this type of determination (see Civil Service Law § 118 [2]; Executive Law §§ 653, 654) and that are not bound by OMH's decision.

Petitioners also contend that DCC and GOER acted arbitrarily and irrationally by deciding this grievance differently than that of another SSO 2 who was assigned as an Acting CSSO for a different facility. The other SSO 2 asserted on her grievance form that she performed many more of the CSSO duties and stated that she, among other things, supervised all 28 employees of her safety department across all three shifts. Considering this enhanced information, the record substantiates respondents' assertions that the facts presented by those two

individuals were different, rationally leading to different outcomes.  Inasmuch as GOER's determination here was rationally based on the evidence presented to it, and was not arbitrary or capricious, we will not disturb that determination.

        Rose and Clark, JJ., concur.


Egan Jr., J. (dissenting).

        We recognize that this Court's review in this matter is limited to ascertaining whether the determination rendered by respondent Governor's Office of Employee Relations (hereinafter GOER) denying petitioner Thomas Tierney's out-of-title work grievance was rational (see Matter of New York State Corr. Officers & Police Benevolent Assn., Inc. v Governor's Off. of Empl. Relations, 105 AD3d 1192, 1193 [2013]), and we acknowledge that an administrative determination made by an entity "acting pursuant to its authority and within its area of expertise is entitled to judicial deference" (Matter of WL, LLC v Department of Economic Dev., 97 AD3d 24, 29 [2012], affd sub nom. James Sq. Assoc. LP v Mullen, 21 NY3d 233 [2013] [internal quotation marks and citation omitted]).  Such deference, however, is not unlimited, and the mere fact that GOER "regularly mak[es] this type of determination" does not render its decision making in this regard infallible.  As we are not persuaded that GOER's denial of Tierney's grievance was — upon due consideration of all of the attendant circumstances — rational, we respectfully dissent.

        At all times relevant, Tierney was employed by respondent Office of Mental Health (hereinafter OMH) as a Safety and Security Officer 2 (hereinafter SSO 2) at Hudson River Psychiatric Facility in Dutchess County.  On or about June 28, 2011, the Chief Safety and Security Officer (hereinafter CSSO) then assigned to that facility was transferred to an OMH facility in Onondaga County.  The following day, Tierney was notified by an individual identified as the "Director for Administrative Services" that he would be fulfilling the duties of the CSSO — specifically, that he would be serving as the "Acting Chief" at

the Hudson River facility.[1]  According to Tierney, "all employees in the [facility's] safety and security department" subsequently were advised of this decision and, beginning on June 30, 2011, he performed the duties of the CSSO until the Hudson River facility closed on or about January 25, 2012.

In response to the out-of-title work grievance that Tierney filed in August 2011, OMH — as part of the step 2 review process — concluded, following "a thorough review of the record, facts, documentation and discussion with facility management," that "the grieved duties [performed by Tierney were] most appropriate to that of a [CSSO]."  Accordingly, OMH sustained Tierney's grievance.  In order to obtain remuneration, however, Tierney was — as outlined in the majority's decision — required to appeal through step 3 of the grievance process, which ultimately resulted in the denial of his grievance by GOER.

The majority has outlined the classification standards and duties typically associated with both the CSSO and SSO 2 positions, and the SSO 2 classification standard indeed contemplates that there may be instances in which an SSO 2 would be called upon to "direct the department in the absence of the [CSSO]."  We also acknowledge that, as a general proposition, the overlap that exists between affected job titles is insufficient to warrant a finding that a grievant is performing out-of-title work (see Matter of City of Saratoga Springs v City of Saratoga Springs Civ. Serv. Commn., 90 AD3d 1398, 1400 [2011]).  Here, however, it is important to note that Tierney was not simply filling in for a CSSO who was temporarily absent from the facility due to, for example, illness or vacation.  Rather, Tierney acted in place of the facility's former CSSO, who had transferred out to another facility, for a period of seven months

_____

[1]  In reviewing the merits of Tierney's grievance, we have — like the majority — confined our review to those tasks set forth in Tierney's grievance form and those materials that otherwise were part of the administrative record before GOER.  However, for purposes of providing background information and placing Tierney's grievance in context, we have referred to the underlying petition and Tierney's accompanying affidavit.

until the Hudson River facility closed altogether in January 2012.[2]  To our analysis, the circumstances under which Tierney assumed the duties of the CSSO are highly relevant in evaluating whether GOER's denial of his grievance was rational.

We reach a similar conclusion with respect to OMH's written decision following step 2 of the review process.  OMH is the entity in charge of the very facility at which Tierney first worked as an SSO 2 and thereafter assumed the duties of the CSSO. As the agency providing oversight and supervision for such facility, OMH is – in our view – in a significantly better position than GOER to understand and evaluate the tasks performed by its employees on a daily basis.  While we appreciate that OMH's conclusions as to whether Tierney was performing out-of-title work are not binding on GOER, it strikes us as irrational for GOER to base its decision to deny Tierney's grievance upon a generic, out-of-context examination of the applicable Department of Civil Service classification standards rather than the reasoned conclusion reached by OMH – a conclusion arrived at following a thorough review of the particular facts and circumstances and, more importantly, discussions with facility personnel.  Stated another way, GOER should have placed greater stock in OMH's case-specific findings and overall ability to accurately analyze the merits of Tierney's grievance and assess whether the duties performed by him while serving as the facility's acting CSSO indeed constituted out-of-title work.  For all of these reasons, we find GOER's denial of Tierney's grievance to be irrational.  Accordingly, we would reverse Supreme Court's judgment and annul GOER's determination.

Devine, J., concurs.

---

[2]  Nothing in the record suggests that OMH ever sought to formally fill the CSSO position at the Hudson River facility after the departing CSSO transferred in June 2011.

ORDERED that the judgment is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court