Egan Jr., J.
(dissenting). We recognize that this Court’s review in this matter is limited to ascertaining whether the determination rendered by respondent Governor’s Office of Employee Relations (hereinafter GOER) denying petitioner Thomas Tierney’s out-of-title work grievance was rational (see Matter of New York State Corr. Officers & Police Benevolent Assn., Inc. v Governor’s Off. of Empl. Relations, 105 AD3d 1192, 1193 [2013]), and we acknowledge that an administrative determination made by an entity “acting pursuant to its authority and within its area of expertise is entitled to judicial deference” (Matter of WL, LLC v Department of Economic Dev., 97 AD3d 24, 29 [2012], affd, sub nom. James Sq. Assoc. LP v Mullen, 21 NY3d 233 [2013] [internal quotation marks and citation omitted]). Such deference, however, is not unlimited, and the mere fact that GOER “regularly mak[es] this type of determination” does not render its decision making in this regard infal *1272 lible. As we are not persuaded that GOER’s denial of Tierney’s grievance was — upon due consideration of all of the attendant circumstances — rational, we respectfully dissent.
At all times relevant, Tierney was employed by respondent Office of Mental Health (hereinafter OMH) as a Safety and Security Officer 2 (hereinafter SSO 2) at Hudson River Psychiatric Facility in Dutchess County. On or about June 28, 2011, the Chief Safety and Security Officer (hereinafter CSSO) then assigned to that facility was transferred to an OMH facility in Onondaga County. The following day, Tierney was notified by an individual identified as the “Director for Administrative Services” that he would be fulfilling the duties of the CSSO— specifically, that he would be serving as the “Acting Chief” at the Hudson River facility.* According to Tierney, “all employees in the [facility’s] safety and security department” subsequently were advised of this decision and, beginning on June 30, 2011, he performed the duties of the CSSO until the Hudson River facility closed on or about January 25, 2012.
In response to the out-of-title work grievance that Tierney filed in August 2011, OMH — as part of the step 2 review process — concluded, following “a thorough review of the record, facts, documentation and discussion with facility management,” that “the grieved duties [performed by Tierney were] most appropriate to that of a [CSSO].” Accordingly, OMH sustained Tierney’s grievance. In order to obtain remuneration, however, Tierney was — as outlined in the majority’s decision — required to appeal through step 3 of the grievance process, which ultimately resulted in the denial of his grievance by GOER.
The majority has outlined the classification standards and duties typically associated with both the CSSO and SSO 2 positions, and the SSO 2 classification standard indeed contemplates that there may be instances in which an SSO 2 would be called upon to “direct the department in the absence of the [CSSO].” We also acknowledge that, as a general proposition, the overlap that exists between affected job titles is insufficient to warrant a finding that a grievant is performing out-of-title work (see Matter of City of Saratoga Springs v City of Saratoga Springs Civ. Serv. Commn., 90 AD3d 1398, 1400 [2011]). Here, however, it is important to note that Tierney was *1273 not simply filling in for a CSSO who was temporarily absent from the facility due to, for example, illness or vacation. Rather, Tierney acted in place of the facility’s former CSSO, who had transferred out to another facility, for a period of seven months until the Hudson River facility closed altogether in January 2012.[4] To our analysis, the circumstances under which Tierney assumed the duties of the CSSO are highly relevant in evaluating whether GOER’s denial of his grievance was rational.
We reach a similar conclusion with respect to OMH’s written decision following step 2 of the review process. OMH is the entity in charge of the very facility at which Tierney first worked as an SSO 2 and thereafter assumed the duties of the CSSO. As the agency providing oversight and supervision for such facility, OMH is — in our view — in a significantly better position than GOER to understand and evaluate the tasks performed by its employees on a daily basis. While we appreciate that OMH’s conclusions as to whether Tierney was performing out-of-title work are not binding on GOER, it strikes us as irrational for GOER to base its decision to deny Tierney’s grievance upon a generic, out-of-context examination of the applicable Department of Civil Service classification standards rather than the reasoned conclusion reached by OMH — a conclusion arrived at following a thorough review of the particular facts and circumstances and, more importantly, discussions with facility personnel. Stated another way, GOER should have placed greater stock in OMH’s case-specific findings and overall ability to accurately analyze the merits of Tierney’s grievance and assess whether the duties performed by him while serving as the facility’s acting CSSO indeed constituted out-of-title work. For all of these reasons, we find GOER’s denial of Tierney’s grievance to be irrational. Accordingly, we would reverse Supreme Court’s judgment and annul GOER’s determination.
Devine, J., concurs.
Ordered that the judgment is affirmed, without costs.

 In reviewing the merits of Tierney’s grievance, we have — like the majority — confined our review to those tasks set forth in Tierney’s grievance form and those materials that otherwise were part of the administrative record before GOER. However, for purposes of providing background information and placing Tierney’s grievance in context, we have referred to the underlying petition and Tierney’s accompanying affidavit.

. Nothing in the record suggests that OMH ever sought to formally fill the CSSO position at the Hudson River facility after the departing CSSO transferred in June 2011.