Matter of Theopheles v County of Rensselaer (2024 NY Slip Op 03915)

Matter of Theopheles v County of Rensselaer

2024 NY Slip Op 03915

Decided on July 25, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 25, 2024

CV-23-1086
[*1]In the Matter of Lisa Theopheles, Appellant,
v
County of Rensselaer et al., Respondents.

Calendar Date:May 30, 2024

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, McShan and Powers, JJ.

Gleason, Dunn, Walsh & O'Shea, Albany (Mark T. Walsh of counsel), for appellant.
BolaÑos Lowe PLLC, Pittsford (Kyle W. Sturgess of counsel), for respondents.

Aarons, J.
Appeal from a judgment of the Supreme Court (Richard J. McNally Jr., J.), entered May 23, 2023 in Rensselaer County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.
Petitioner is a supervising support investigator (hereinafter the grade 15 title) in the child support unit of respondent Rensselaer County Department of Social Services (hereinafter DSS). In September 2019, petitioner filed a grievance pursuant to the collective bargaining agreement (hereinafter CBA) between respondent County of Rensselaer and the United Public Service Employees Union, alleging that, after the abrupt resignation of Matthew Breig, a supervisor of investigations and support (hereinafter the grade 20 title) and petitioner's supervisor, she began supervising the entire child support unit in the capacity of support collection supervisor (hereinafter the grade 18 title), the title held by the head of the child support unit before Breig was hired. The grievance proceeded through review as dictated by the CBA and eventually landed before an arbitrator in 2021. The arbitrator determined that, because the grade 18 title had been eliminated, the CBA barred her from deciding whether the County violated the CBA by assigning petitioner the duties of the grade 18 title without paying her for those duties. Instead, the arbitrator evaluated whether petitioner had fulfilled the duties of Breig's vacant grade 20 title, which oversaw the child support unit and the fraud unit. There was, of course, no evidence that petitioner had been assigned to oversee the fraud unit before or after Breig's resignation. Because the arbitrator concluded that the CBA only required the County to increase an employee's pay when the employee was temporarily assigned the "full duties" of an existing higher-grade position, the arbitrator found in favor of the County.
Petitioner commenced this CPLR article 78 proceeding asserting that respondents violated Civil Service Law § 61 (2), which "provides that in cases other than a temporary emergency, 'no person shall be assigned to perform the duties of any position unless he [or she] has been duly appointed, promoted, transferred or reinstated to such position in accordance with the provisions of this chapter and the rules prescribed thereunder' " (Matter of Collins v Governor's Off. of Empl. Relations, 211 AD2d 1001, 1002 [3d Dept 1995], quoting Civil Service Law § 61 [2]). Petitioner alleged that she was required to perform the out-of-title duty of supervising the entire child support unit without a concomitant increase in pay (see Matter of New York State Corr. Officers & Police Benevolent Assn., Inc. v Governor's Off. of Empl. Relations, 126 AD3d 1267, 1268 [3d Dept 2015], affd 27 NY3d 936 [2016]; Matter of City of Saratoga Springs v City of Saratoga Springs Civ. Serv. Commn., 90 AD3d 1398, 1400 [3d Dept 2011]). Respondents moved, pre-answer, to dismiss the petition, arguing, as relevant here, that petitioner's [*2]claim was precluded by the arbitration award. Supreme Court agreed, finding that res judicata attached because the parties are the same, both matters involve the same facts, the arbitrator found that "there was no evidence that [petitioner's] job changed in any way after . . . Breig's resignation," petitioner requested the same relief and the "Civil Service Law violation claim could have been raised in the underlying arbitration." Petitioner appeals. We reverse.
"The doctrines of res judicata and collateral estoppel apply to arbitration awards. Res judicata bars not only those claims that were actually litigated previously, but also those which might have been raised in the former action or arbitration" (Piller v Princeton Realty Assoc. LLC, 173 AD3d 1298, 1303 [3d Dept 2019] [internal quotation marks, brackets and citations omitted]; see Matter of Anonymous v New York State Justice Ctr. for the Protection of People with Special Needs, 195 AD3d 1137, 1138-1139 [3d Dept 2021]). "However, where an issue not determined by an arbitrator is the subject of a subsequent action, the arbitration award is not a bar to that action or the claims raised therein" (Hagopian v Karabatsos, 157 AD3d 1020, 1022 [3d Dept 2018] [citations omitted]).
Most of the requirements of res judicata are met and not meaningfully disputed. Respondents assert, and we agree, that the parties here are the same or in privity with one another, and petitioner's claim that she was assigned out-of-title work arises out of the same transactions or series of transactions as the CBA violation decided by the arbitrator (see Simmons v Trans Express Inc., 37 NY3d 107, 111 [2021]; Jeda Capital-56, LLC v Potsdam Assoc., LLC, 225 AD3d 988, 989-990 [3d Dept 2024]). There is also no question that the alleged Civil Service Law violation claimed in the petition was not raised in arbitration (see Jeda Capital-56, LLC v Potsdam Assoc., LLC, 225 AD3d at 989-990).
Res judicata did not attach, however, because petitioner's statutory claim was not subject to arbitration under the CBA (see Cheslowitz v Board of Trustees of the Knox Sch., 156 AD3d 753, 756 [2d Dept 2017]). The CBA denies the arbitrator the "power to add to, subtract from or modify the provisions of the [CBA] in arriving at a decision of the issue presented and [requires the arbitrator to] confine [the] decision solely to the application and interpretation of the [CBA]." Here, the arbitrator found she could only decide if the County violated the CBA by forcing petitioner to do all of the grade 20 duties without a pay adjustment as contractually required. As there is a bright-line rule limiting the arbitrator to contractual disputes, petitioner's Civil Service Law § 61 (2) claim is not one that might have been arbitrated (see Matter of Melber v New York State Educ. Dept., 71 AD3d 1216, 1217 [3d Dept 2010]).
Furthermore, collateral estoppel does not bar petitioner from litigating under Civil Service Law § 61 (2) the issue of whether she was[*3]"assigned to perform the duties of a higher grade, without a concomitant increase in pay, frequently, recurrently and for long periods of time" based on her alleged performance of out-of-title supervision of the whole child support unit rather than its investigative functions (Matter of City of Saratoga Springs v City of Saratoga Springs Civ. Serv. Commn., 90 AD3d at 1400 [internal quotation marks and citations omitted]). "The party seeking the benefit of collateral estoppel has the burden of demonstrating the identity of the issues in the present litigation and the prior determination, whereas the party attempting to defeat its application has the burden of establishing the absence of a full and fair opportunity to litigate the issue in the prior action" (Abele v City of Albany, N.Y., 214 AD3d 1107, 1109 [3d Dept 2023] [internal quotation marks and citations omitted]). "More fundamentally, preclusive effect is limited to only those 'issues that were actually litigated, squarely addressed and specifically decided' " (Church v New York State Thruway Auth., 16 AD3d 808, 810 [3d Dept 2005], quoting Ross v Medical Liab. Mut. Ins. Co., 75 NY2d 825, 826 [1990]).
The record does not show that there is an identity of issues or that there was a full and fair opportunity to litigate the matter petitioner actually sought to resolve — in essence, that she was impermissibly assigned to supervise the entirety of the child support unit as if promoted to the former grade 18 title without a pay increase (see Matter of Terry v County of Schoharie, 162 AD3d 1344, 1346 [3d Dept 2018]; compare Holloway v City of Albany, 169 AD3d 1133, 1134 [3d Dept 2019], lv denied 34 NY3d 901 [2019]). Instead, the arbitrator constrained the issue before her to whether petitioner fulfilled all of the duties of the grade 20 position — an issue that petitioner never injected into her grievances in the first place. Notwithstanding the parties' undisputed representation by counsel at an evidentiary hearing, the record does not show careful deliberation in support of the arbitrator's conclusion that petitioner's job responsibilities did not change "in any way." For example, there is no specific finding as to whether petitioner took on allegedly out-of-title responsibilities for supervising child support unit clerical staff, as opposed to the investigative staff on which she held a senior position. Indeed, there was no reason to consider the extent of petitioner's alleged supervisory role in the child support unit given that there was no evidence that petitioner ever supervised the fraud unit, and the issue before the arbitrator could be resolved on that basis alone. We therefore conclude that the arbitrator's findings with respect to changes in petitioner's job responsibilities are not entitled to estoppel effect in connection with this Civil Service Law § 61 (2) challenge (see Tydings v Greenfield, Stein & Senior, LLP, 11 NY3d 195, 200 [2008]; Malloy v Trombley, 50 NY2d 46, 52 [1980]). Accordingly[*4], Supreme Court erred in granting respondents' motion to dismiss and we remit the matter for respondents to file an answer pursuant to CPLR 7804 (f).
Petitioner's remaining points are academic.
Clark, J.P., Reynolds Fitzgerald, McShan and Powers, JJ., concur.
ORDERED that the judgment is reversed, on the law, with costs, motion denied, and matter remitted to the Supreme Court to permit respondents to file and serve an answer within 20 days of the date of this Court's decision.