Matter of Anonymous v New York State Justice Ctr. for the Protection of People with Special Needs (2021 NY Slip Op 03510)





Matter of Anonymous v New York State Justice Ctr. for the Protection of People with Special Needs


2021 NY Slip Op 03510


Decided on June 3, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 3, 2021

532205
[*1]In the Matter of Anonymous, Petitioner,
v
New York State Justice Center for the Protection of People with Special Needs, Respondent.

Calendar Date:April 27, 2021

Before:Garry, P.J., Egan Jr., Lynch and Colangelo, JJ.

Ennio J. Corsi, New York State Law Enforcement Officers Union, Council 82, AFSCME, AFL-CIO, Albany (A. Andre Dalbec of counsel), for petitioner.
Letitia James, Attorney General, Albany (Laura Etlinger of counsel), for respondent.



Egan Jr., J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding a substantiated allegation of physical abuse by petitioner.
Petitioner was an employee of the Office of Mental Health (hereinafter OMH) at the Central New York Psychiatric Center. On June 8, 2018, respondent received a report that petitioner had abused or neglected a service recipient in his care on June 5, 2018 when he pushed the service recipient's head down onto a restraint bed while the service recipient's arms and legs were secured in a five-point harness. Following an investigation, respondent found the report of physical abuse to be substantiated as a category three offense (see Social Services Law § 493 [4] [c]). Petitioner's subsequent request to amend respondent's report to unsubstantiated was denied and the matter was referred for a hearing before an Administrative Law Judge (hereinafter ALJ).
Meanwhile, on March 4, 2019, OMH served petitioner with a notice of discipline charging him with seven specifications of misconduct and/or incompetence in connection with this incident, alleging that he (1) acted inappropriately when he allowed the service recipient's shirt to remain covering his face while on the restraint bed, (2) violated facility policy when he allowed the service recipient's shirt to remain covering his face while on the restraint bed, (3) acted inappropriately when he forcefully pushed the service recipient down into the restraint bed, (4) physically abused the service recipient when he forcefully pushed him down into the restraint bed, (5) failed to follow applicable training when he forced the service recipient's head into a restraint bed, (6) violated facility policy when he walked away from the restraint bed while the service recipient was lying supine with the shirt still covering his face, and (7) acted unprofessionally when, in committing the above-referenced acts, he failed to comport himself as a supervisor. Pursuant to a collective bargaining agreement in effect between OMH and petitioner's union, a disciplinary hearing was conducted before an arbitrator on December 12 and 13, 2019, at which OMH was represented by respondent. In January 2020, the arbitrator issued a written decision finding petitioner guilty of charges 2 and 7 (i.e., violating facility policy when he allowed the service recipient's shirt to remain covering his face and acting unprofessionally and failing to comport himself as a supervisor), but not charges 1, 3, 4, 5 and 6, specifically finding that petitioner's act of pushing the service recipient's head down on the restraint bed was not deemed to be physical abuse of the service recipient. The arbitrator then imposed a penalty of a 10-day suspension without pay.
On December 18, 2019 — after the disciplinary arbitration hearing had occurred but prior to the arbitrator rendering his decision — a hearing was held before [*2]the ALJ on petitioner's request to amend the category three abuse finding. During the course of this hearing, petitioner's attorney informed the ALJ of the happening of the parallel arbitration hearing and, after the hearing before the ALJ concluded, notified the ALJ of the arbitrator's January 27, 2020 decision, arguing that, under principles of res judicata and collateral estoppel, the finding of physical abuse should be amended to unsubstantiated.
In March 2020, the ALJ issued a recommended decision, concluding that the arbitrator's decision was not entitled to preclusive effect and that respondent had established by a preponderance of the evidence that petitioner had committed the physical abuse alleged (see Social Services Law § 493 [4] [c]). Respondent's Administrative Hearings Unit subsequently issued a final determination incorporating the ALJ's recommended decision in its entirety. Petitioner thereafter commenced this CPLR article 78 proceeding seeking to annul the determination, contending that the ALJ was precluded from rendering a decision under the doctrines of res judicata and collateral estoppel and that the determination was not supported by substantial evidence. Supreme Court transferred the proceeding to this Court (see CPLR 7804 [g]).[FN1]
Petitioner's sole contention on appeal is that the ALJ erred in not giving preclusive effect to the arbitrator's determination that petitioner's conduct did not constitute physical abuse. We agree. "The underlying purpose of the doctrines of res judicata and collateral estoppel is to prevent repetitious litigation of disputes which are essentially the same" (Matter of Anonymous v New York State Justice Ctr. for the Protection of People with Special Needs, 174 AD3d 1007, 1009-1010 [2019] [internal quotation marks, brackets and citations omitted]; see Matter of Anonymous v New York State Justice Ctr. for the Protection of People with Special Needs, 167 AD3d 113, 116 [2018]). Respondent does not dispute that it was in privity with OMH via its representation of OMH in the arbitration proceeding and, as such, had a full and fair opportunity to litigate before the arbitrator (see Matter of Anonymous v New York State Justice Ctr. for the Protection of People with Special Needs, 174 AD3d at 1009). Rather, respondent contends that the issue decided by the arbitrator was not the identical issue before the ALJ. We find respondent's argument in this regard unpersuasive.
Respondent's "Report of Investigation Determination" and OMH's notice of discipline were issued four days apart and both referenced the same case number and charged petitioner with physically abusing the service recipient. Although neither the notice of discipline nor the arbitrator's decision specifically cite the relevant portion of the Social Services Law associated with physical abuse, the arbitrator specifically took notice of said provision at the disciplinary hearing (see Social Services Law § 488 [1] [a]). Moreover, the [*3]arbitrator and the ALJ both reviewed the same videos of the underlying incident and petitioner's interview. Although the arbitrator and the ALJ both agreed that petitioner pushed the service recipient's head down into the restraint bed, the arbitrator concluded that petitioner was "cradling the neck of [the service recipient] at that time" such that his conduct did not constitute physical abuse. Contrary to respondent's assertion, this was the same factual issue the ALJ later confronted. We find, therefore, that the ALJ was precluded under the doctrine of collateral estoppel from rendering a later contrary determination as to whether petitioner physically abused the service recipient in the June 5, 2018 incident. Accordingly, petitioner's application is granted, respondent's determination is annulled and we remit the matter to respondent for the purpose of amending the findings to indicate the report as unsubstantiated (see Social Services Law § 494).
Garry, P.J., Lynch and Colangelo, JJ., concur.
ADJUDGED that the determination is annulled, without costs, petition granted, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: This proceeding was properly transferred to this Court as the issue of substantial evidence was raised in the petition; however, petitioner does not address this issue in his brief and, therefore, the issue is abandoned (see Matter of Anselmo v Annucci, 176 AD3d 1283, 1284 n [2019]; Matter of McMaster v Rodriguez, 159 AD3d 1173, 1173 [2018]).